**SCURA, WIGFIELD, HEYER,
STEVENS & CAMMAROTA, LLP**
1599 Hamburg Turnpike
Wayne, New Jersey 07470
Tel.: 973-696-8391
Dstevens@scura.com
David L. Stevens
*Counsel for Debtor*

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| *In re:*<br>WILLIAM J. FOCAZIO<br><br>Debtor. | Chapter 13<br><br>Case No. 19-10880 (VFP)<br>Hon. Vincent F Papalia<br><br>Hearing Date: July 16, 2019 @ 10 a.m. |

### CERTIFICATION IN SUPPORT OF MOTION TO BE
### RELIEVED AS COUNSEL FOR THE DEBTOR

I, David L. Stevens, certify as follows:

1. I am a partner with the firm of Scura, Wigfield, Heyer, Stevens & Cammarota, LLP, counsel for the William J. Focazio, the debtor in the above captioned matter. I am the principal attorney in connection with this case and as a result, I am familiar with the facts and circumstances recited herein.

2. I make this certification in support of this firm's request for authorization to withdraw as counsel for the Debtor from personal knowledge.

3. Pursuant to District of New Jersey, Local Civil Rule 102.1, unless other counsel is substituted, withdrawal of counsel requires leave of court. *Rusinow v. Kamara*, 920 F.Supp. 69, 71 (D.N.J. 1996). In deciding whether to permit an attorney to withdraw, the Court should consider: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Id.*

4. In addition to Local Civil Rule 102.1, the court must consider the criteria set forth in RPC 1.16 of the New Jersey Rules of Professional Conduct. R.P.C. 1.16(b) permits an attorney to withdraw as counsel if:

> **(1)** withdrawal can be accomplished without material adverse effect on the interests of the client;
>
> **(2)** the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;
>
> **(3)** the client has used the lawyer's services to perpetrate a crime or fraud;
>
> **(4)** the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;
>
> **(5)** the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
>
> **(6)** the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
>
> **(7)** other good cause for withdrawal exists.

5. Ultimately, whether to permit withdrawal is within the Court's discretion. *Rusinow v. Kamara*, 920 F.Supp. 69, 71 (D.N.J.1996). Here, counsel seeks withdrawal pursuant to New Jersey Rules of Professional Conduct ("RPC") 1.16(b)(1), (6) and (7).

6. The predominate purpose of filing the individual case was to stay a foreclosure sale of vacant land in Point Pleasant, New Jersey. A loan modification offer was presented from the foreclosing mortgage holder. Although the Debtor desires to accept the loan modification proposal, the trustee has thus far declined to accept. Thus, the principal purpose for my retention of the Debtor has been fulfilled to the extent possible.

7. Withdrawal will not have a material adverse effect on the Debtor. The Debtor is a physician with a history of managing complex financial matters. He has been and continues to be a principal in numerous business enterprises, he has experience with complex lending

transactions, investments, and business operations. His individual case is not nearly as complicated as the affiliated business bankruptcies in which he remains a Debtor-in-Possession.

8. A trustee has been appointed in this case and has demanded control of all financial transactions. The Debtor's only role now is to respond to take guidance from the trustee and respond to his requests when made.

9. Requiring counsel to continue to represent the Debtor places an undue financial burden on counsel.  A nominal retainer of $5,000 was accepted upon retention which will be applied to this firm's application for compensation seeking approval of $27,838.30 as of March 28, 2019. Whether funds will be available to pay any order approving compensation is dubious. It appears certain that the Debtor does not have the ability to pay counsel for future costs or services

10. The legal services agreement between counsel and the Debtor permits counsel to discontinue its representation if fees are not paid and informed the Debtor that this firm would seek withdrawal in the event of non-payment:

> **Withdrawal of Representation Upon Non-Payment.**  In the event fees are not paid, any required retainer is not replenished, or the Client wishes to pursue a legal course of action that the Firm is strongly against, the firm will seek immediate permission to be relieved as counsel.  Any Chapter 11 case requires substantial legal work and the firm cannot afford to go without payment for any length of time.  Many times in a Chapter 11 proceeding, the firm's filing of a motion to be relieved as counsel may signal to the court or the United States Trustee's Office that the Chapter 11 case is not feasible or that there are other problems.  The motion of the Firm to be relieved as counsel may prompt the court to convert the case to a Chapter 7 liquidation or dismiss the case.   Similarly, this may prompt the US Trustee's office to file a motion to dismiss the case or convert the case to a Chapter 7 liquidation.   The purpose of this paragraph is to make the Client aware of the responsibilities in a Chapter 11 case and the risks attendant with not paying ongoing fees and not following the counsel of the Firm.

11. I have informed the Debtor of my intent to file this application to withdraw as his counsel.

12. Lastly, the Debtor has not cooperated with providing information sought by the trustee or with assisting counsel in his representation. Whereas there are issues that need to be addressed

and I am unable to effectively represent the Debtor, good cause exists to allow withdrawal of counsel.

I hereby certify that the foregoing statements made by me are true and I am aware that if any of them are willfully false that I am subject to punishment.


Dated: June 25, 2019          */s/ David L. Stevens*
                              David L. Stevens