Mitchell B. Seidman, Esq.
Maria Arnott, Esq.
**SEIDMAN & PINCUS, LLC**
777 Terrace Avenue, Suite 508
Hasbrouck Heights, New Jersey 07604
(201) 473-0047
ms@seidmanllc.com
ma@seidmanllc.com
*Counsel to SB One Bank*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Case No. 19-10880 (SLM) |
| | Chapter 11 |
| WILLIAM J. FOCAZIO, | Hon. Vincent F. Papalia |
| Debtor. | Hearing Date: March 31, 2020 at 10:00am |

**RESPONSE OF SB ONE BANK TO CROSS-MOTION**
**OF THE DEBTOR FOR AN ORDER DISMISSING THE CASE**

SB One Bank ("SB One") – a creditor holding a secured claim against the debtor William Focazio (the Debtor") in the above-captioned Chapter 11 case – respectfully submits this response in opposition to the cross-motion of the Debtor for an order pursuant to 11 U.S.C. §1112(b) dismissing the case.

1.Section 1112 of the Bankruptcy Code, which governs the conversion or dismissal of Chapter 11 cases, requires a two-step process in determining whether to convert or dismiss a case. The court first determines whether there is "cause" to convert or dismiss, and next chooses between conversion and dismissal based on "the best interest of creditors and the estate." Here, it is undisputed that cause exists to convert the Debtor's case to a case under Chapter 7 or dismiss the case.

1

2. In support of his motion, the Debtor argues that conversion of the case will add additional administrative costs for which there are no unencumbered assets to pay. Yet, the Debtor has repeatedly provided inconsistent and incomplete financial information concerning his assets to the Trustee. In addition, it appears that the Debtor has stopped remitting income to the Chapter 11 Trustee.

3. Absent full disclosure and cooperation by the Debtor, it is impossible to fully assess his assets. Conversion of the case to Chapter 7 is necessary to further investigate the inconsistencies in the Debtor's financial affairs which will benefit of all creditors. Likewise, absent assets to pay the unsecured creditors a successive filing the Debtor is likely.

4. Based on the foregoing, conversion of the Debtor's Chapter 11 case to Chapter 7, rather than dismissing it, is in the best interest of all creditors and the estate. Accordingly, SB One respectfully requests that the Trustee's motion be granted, and the Debtor's cross-motion denied in its entirety and for such other and further relief as may be necessary and appropriate.

Dated:	March 23, 2020

**SEIDMAN & PINCUS, LLC**

By:  /s/ Mitchell B. Seidman
Mitchell B. Seidman
Andrew Pincus
777 Terrace Avenue, Suite 508
Hasbrouck Heights, New Jersey 07604
(201) 473-0047

*Counsel to SB One Bank*