# GIORDANO, HALLERAN & CIESLA, P.C.
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
WWW.GHCLAW.COM

**DONALD F. CAMPBELL, JR., ESQ.**
SHAREHOLDER
DCAMPBELL@GHCLAW.COM
DIRECT DIAL: (732) 219-5494

*Please Reply To:*
125 HALF MILE ROAD
SUITE 300
RED BANK, NJ 07701
(732) 741-3900
FAX: (732) 224-6599

June 9, 2020

Client/Matter No. 20115/2

<u>Via CM/ECF</u>
Hon. Vincent F. Papalia, U.S.B.J.
50 Walnut Street
Newark, NJ 07102
Courtroom 3B

    Re: **In re William J. Focazio**
       **Case#: 19-10880**
       **Hearing Date: 3/17/2020 at 10:00 AM**

Your Honor:

  This office represents Creditor, Allstate New Jersey Property and Casualty Insurance Company and related entities (collectively "*Allstate*") in the above-captioned matter. Allstate is in receipt of the US Trustee's motion to convert case to Chapter 7 [Dkt 140] and the Debtor's Cross-Motion to Dismiss [Dkt 146]. Please accept this letter as a supplement to Allstate's previous Joinder to the US Trustee's Motion to Convert [Dkt 145] and as Opposition to the Debtor's Cross-Motion to Dismiss. Reference is also made to Adversary Proceeding 20-01004 and the allegations raised against the Debtor in the Amended Complaint.

  In addition to the arguments set forth in the US Trustee's motion and those allegations against the Debtor in the Amended Complaint, Allstate hereby requests the Conversion of the Case to Chapter 7 in lieu of dismissal as conversion would preserve this Court's jurisdiction over the above-referenced adversary proceeding.

  In that proceeding, Allstate has moved for default and is in the process of moving for the entry of default judgment because the Debtor, as the Defendant, has failed to file an answer or responsive pleading to the Amended Complaint which was due by March 30, 2020.

  Based on the above, should the Court deny the US Trustee's Motion to Convert in favor of outright dismissal, Allstate alternatively requests that the Court retain jurisdiction over the above-referenced adversary proceeding. Bankruptcy courts have discretion to retain jurisdiction over adversary proceedings in the event that the main bankruptcy proceeding is dismissed. *See In*

GIORDANO, HALLERAN & CIESLA
A Professional Corporation
ATTORNEYS-AT-LAW

[Insert Addressee Name]
June 9, 2020
Page 2

*re Smith*, 866 F.2d 576, 580 (3d Cir. 1989). Generally, courts consider a number of factors to determine whether jurisdiction should be retained. These factors include: (1) judicial economy; (2) fairness and convenience to the litigants; and (3) the degree of difficulty of the related legal issues involved. *See In re Stardust Inn, Inc.*, 70 B.R. 888, 891 (Bankr. E.D. Pa. 1987).

  In this case, the Amended Complaint is unlikely to be adjudicated on the merits because the Debtor has failed to file an answer despite having several months to do so. Further, Allstate having to refile the Amended Complaint in a new forum at this stage of the proceeding would be inconvenient, burdensome, and further constrain judicial resources. Accordingly, the balance of the above factors weigh in favor of the Court retaining jurisdiction until final default judgment is entered in the adversary proceeding.

                Respectfully Submitted,

                */s/ Donald F. Campbell, Jr.*

                Donald F. Campbell, Jr.

DFC/JSB
cc: US Trustee (via CM/ECF)
   Debtor's Counsel (via CM/ECF & Reg. Mail)

Docs #4417269-v1