**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
Caption in Compliance with D.N.J. LBR 9004-1

Sydney J. Darling, Esq.
Stephen V. Falanga, Esq.
**WALSH PIZZI O'REILLY FALANGA LLP**
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102
T: 973.757.1100 | F: 973.757.1090
sdarling@walsh.law
sfalanga@walsh.law
*Counsel to Edward A. Phillips, Chapter 11*
*Trustee of the Estate of William J. Focazio*

| | |
|---|---|
| In re:<br><br>WILLIAM J. FOCAZIO,<br><br>                         Debtor. | Bankr. Case No.: 19-10880-VFP<br><br>Honorable Vincent F. Papalia, U.S.B.J.<br><br>Chapter 11 |

**OBJECTION OF THE CHAPTER 11 TRUSTEE TO DEBTOR'S AMENDED PETITION ELECTING TO PROCEED UNDER SUBCHAPTER V AND AMENDED SCHEDULES**

Edward A. Philllips, Chapter 11 Trustee (the "<u>Trustee</u>") for the bankruptcy estate of William J. Focazio (the "<u>Debtor</u>"), by and through his undersigned counsel, hereby files this objection to the Debtor's Amended Petition electing to proceed pursuant to subchapter V of chapter 11 of title 11 of the United States Code (the "<u>Subchapter V</u>") and amended schedules and, in support thereof, respectfully states the following:

**<u>JURISDICTION & VENUE</u>**

1. This Court has jurisdiction over the Objection pursuant to 28 U.S.C. §§157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered on July 23, 1984 and amended on September 18, 2012 (Simandle, C.J.).

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTUAL BACKGROUND

4. On January 15, 2019, the Debtor filed an individual chapter 11 bankruptcy petition. (*See* Voluntary Petition for Individuals Filing for Bankruptcy [D.E. # 1] (filed Jan. 15, 2019).)

5. On May 13, 2019, the Court entered an Order directing the appointment of a chapter 11 trustee [D.E. # 69].

6. On May 17, 2019, the Office of the United States Trustee filed a Notice of Appointment of Edward A. Philips as trustee [D.E. # 73] and on May 29, 2019, the Court entered an Order approving the Trustee's appointment (the "Trustee Order") [D.E. # 78].

7. The Trustee is currently pursuing a sale of real property and other assets of the estate as a means to exit the case. (*See* Motion to Retain Professional [D.E. # 183].)

8. Without authority or the consent of the Trustee, and over the Trustee's express objection, on September 23, 2020, the Debtor filed an amended petition seeking to proceed under Subchapter V as a small-business debtor [D.E. # 189].

9. Without authority or the consent of the Trustee, the Debtor also amended his Schedule D to remove the following secured claims, without any explanation or advance warning to the Trustee: (1) BMW Financial Services (Unknown); (2) Carrington Mortgage Service ($527,249.20); (3) Comm Bk Bergen Cty N J (Unknown); (4) George A Tsairis Architects PC ($125,000); (5) Rushmore Lms ($951,679); (6) Sb One Bank ($557,707); and (6) U.S. Bank National Bank Association ($952,325.22). (*See* Amendment to Schedule D, D.E. # 190 (filed Sept. 23, 2019); *compare* Amended Schedule D, D.E. # 51 (filed March 22, 2019).)

10. Without authority or the consent of the Trustee, the Debtor further amended his Schedule D to dispute several of the secured claims it had previously listed as undisputed, including the claims of First Commerce Bank ("FCB"), Fulton Bank of NJ ("Fulton") and two (2) claims of the New Jersey Division of Taxation. (*Id.*) With respect to the claims of FCB and Fulton, the Debtor marked them contingent and unliquidated despite initially listing them as deriving from a judgment lien from a lawsuit. *Id.* The Debtor also changed the collateral descriptions of three (3) of the secured claims. *See id.*

11. Without authority or the consent of the Trustee, on that same day, the Debtor filed a Chapter 11 Small Business Subchapter V Plan. [D.E. # 188].

## LEGAL ARGUMENT

### I. The Debtor Lacks Authority to File an Amended Petition and Schedules Following the Appointment of the Trustee

12. The Trustee was appointed over the Debtor's individual estate on May 17, 2019 [D.E. # 74], which appointment was confirmed by Court Order dated May 29, 2019 [D.E. # 78].

13. An appointed trustee "is essentially a successor estate representative" . . . [and] [a]s such . . . takes over the duties of the debtor in possession. In order to fulfill those duties, the . . . trustee also assumes the powers of the debtor in possession." *In re Eddy*, 304 B.R. 591, 599 (Bankr. D. Mass. 2004) (involving chapter 7 trustee post-conversion).

14. "The statutory and decisional authority is clear that a bankruptcy trustee is the successor to property of the debtor's estate and is the legal representative of the estate. The Trustee succeeds to the property of the debtor's estate." *In re Modanlo*, 412 B.R. 715 (Bankr. D. Md. 2006) (finding no distinction between the debtor and the estate - the chapter 11 trustee is the personal representative of the individual debtor and the estate); *see also* 11 U.S.C. §323(a) & (b)

3

(2020) ("The Trustee in a case under this title is the representative of the estate . . . [and] has capacity to sue and be sued.").

15. Upon the Trustee's appointment, the Debtor was dispossessed of control over his financial affairs, with those responsibilities vesting exclusively with the Trustee. *See generally, id.*; *compare, South Edge LLC v. JPMorgan Chase Bank, N.A.*, 2:11-CV-00240-PMP-RJJ, 2011 U.S. Dist. LEXIS 49621, *9-11 (D. Nev. Apr. 28, 2011) ("[T]he appointment of a trustee divests the . . . debtor of authority . . . and the debtor acts only through the trustee's authority.") (citing *In re Fid. Am. Fin. Corp.*, 63 B.R. 995, 998 (Bankr. E.D. Pa. 1986)) (internal quotations omitted); *see also In re C.W. Mining Co.*, 636 F.3d 1257, 2011 U.S. App. LEXIS 2819, *4 (10th Cir. Feb. 14, 2011) (holding that when a trustee is appointed over a corporate debtor, the trustee "assumes control of the business, and the debtor's directors are 'completely ousted'") (citing *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 352-53 (1985)).

16. As of May 29, 2019, the Debtor was dispossessed of any authority to take actions which affect the estate, its creditors, and other parties in interest and therefore only the Trustee, not the Debtor, is vested with authority to manage the Debtor's affairs. Such actions necessarily include amending the petition to elect treatment under Subchapter V, which has a material impact on the case, and amending the schedules to redesignate certain debts as disputed. Rather, these types of acts are committed to the reasonable business judgment of the Trustee as a fiduciary of the estate. The Debtor's purported amendment to proceed under Subchapter V, some sixteen (16) months following the Trustee's appointment, impermissibly circumvents the Trustee's authority and frustrates the spirit and purpose of the Trustee Order.

17. Accordingly, the Court should disregard the Debtor's amended petition and schedules.

## II. A Debtor Out of Possession Should Not be Permitted to Proceed Under Subchapter V Without the Consent of the Chapter 11 Trustee

18. While the Trustee respectfully submits that the proposed amendments to the Debtor's Petition and Schedules should be disregarded for the threshold reason that the Debtor lacks authority to amend in general, an election by a debtor out of possession to proceed under the recently-enacted Subchapter V in particular contravenes the Court's Order appointing the Trustee.

19. Indeed, Section 1181 expressly excludes Section 1104 (Appointment of trustee or examiner) from the Code sections application in Subchapter V. Therefore, with this belated election, the Debtor is attempting to create a scenario that Congress expressly denounced.

20. A small-business debtor out of possession electing to proceed under Subchapter V is vested with certain rights that cannot be reconciled with the prior appointment of a chapter 11 trustee. In a Subchapter V case, only the debtor may propose a plan. 11 U.S.C. § 1189(a). Moreover, the confirmation process is being expedited here as the Debtor is apparently seeking to take advantage of Section 1125(f) and has not filed a disclosure statement.

21. In addition, each Subchapter V case *requires* the appointment of a Subchapter V trustee. 11 U.S.C. § 1183(a). There is considerable overlap between the statutory responsibilities of a Subchapter V trustee and a traditional chapter 11 trustee. *See* 11 U.S.C § 1183(b); 11 U.S.C. § 1106(a); *see also* 11 U.S.C. § 704(a). These responsibilities include accountability for all property received, examining proofs of claims and objecting to allowance of improper claims, and making a final report and accounting of the administration of the estate. *See* 11 U.S.C. § 704(a).

22. Here, the application of Subchapter V is inappropriate for two principal reasons. First, the Trustee would be impermissibly divested of his authority to file a plan. Second, proceeding under Subchapter V assumes a debtor-in-possession and requires the appointment of a Subchapter V trustee. Significantly, following the Trustee's appointment, the Debtor is not in

possession. Further, several coextensive responsibilities of the Trustee and any subsequent Subchapter V trustee would render the Trustee's efforts to manage the affairs of the bankruptcy estate moot.

23.     The practical effect of permitting the Debtor to proceed pursuant to Subchapter V is to nullify this Court's Order appointing the Trustee, divesting the Trustee of his fiduciary and statutory responsibilities, and restoring the Debtor to possession contrary to the purpose of the Trustee Order.

24.     For this additional reason, the Trustee respectfully submits that the Debtor's purported amendment to proceed under Subchapter V be rejected.

### III.   The Effective Removal of the Trustee and Reinstatement of the Debtor to Possession is Procedurally Improper and Should be Rejected

25.     As set forth above, the Debtor's proposed amendment effectively renders the Trustee Order a nullity. Such a collateral attack on an Order of the bankruptcy court is not contemplated under the Bankruptcy Code.

26.     Following the appointment of a chapter 11 trustee, "on request of a party in interest or the United States trustee, and after notice and a hearing, the court may terminate the trustee's appointment and restore the debtor to possession[.]" 11 U.S.C. § 1105.

27.     In one instance, this Court considered an individual debtor's motion to convert the case following the appointment of a chapter 11 trustee. *See In re Clemente*, 409 B.R. 288 (D.N.J. 2009). In order to avoid the constitutional questions before it, the Court instead decided to treat the debtor's motion to convert the case as a request for termination of the chapter 11 trustee's appointment. *Id.* at 295. The Court's decision was based upon "constitutional and prudential concerns" which, pursuant to the doctrine of constitutional avoidance, caution against addressing constitutional questions where an alternative construction is available. *Id.* In so doing, however,

Judge Kaplan wrote, "The Court notes for clarity that its decision does not mean that a bankruptcy court can liberally recognize such requests by Chapter 11 debtors stripped of possession and management of the estate." *Id.*

28. Here, unlike in *In re Clemente*, no overriding constitutional considerations are at play. Rather, the Debtor's amended petition effectively terminates the Trustee's appointment and restores the Debtor to possession without complying with the notice and hearing requirements of 11 U.S.C. § 1105. Accordingly, the Trustee respectfully submits that the sound discretion of the Court in entering the Trustee Order should not be disturbed outside of the unambiguous procedural requirements in the Bankruptcy Code.

### IV. The Debtor Does Not Qualify For Subchapter V Because His Debts Exceed the Debt Limits Contained in the SBRA

29. For the reasons set forth in the Objection of the United States Trustee to Debtor's Amended Petition Electing to Proceed as Subchapter V Cases [DE 204], the Trustee further objects to the Debtor's unauthorized election to proceed under Subchapter V.

### CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the amended petition and schedules be stricken.

### RESERVATION OF RIGHTS

The Trustee reserves the right to carry this objection and present the arguments contained herein in an objection to confirmation of the Debtor's plan.

Respectfully submitted,

**WALSH PIZZI O'REILLY FALANGA LLP**
*Counsel to Edward A. Phillips, Chapter 11 Trustee*
*of the Bankruptcy Estate of William J. Focazio*

Dated: Oct. 13, 2020                             By: */s/ Sydney J. Darling*
                                                 Sydney J. Darling

Three Gateway Center
100 Mulberry St., 15th Floor
Newark, NJ 07102
P: (973) 757-1100 | F: (973) 757-1090
sddarling@walsh.law