**UNITED STATES ATTORNEY'S OFFICE**
CRAIG CARPENITO
United States Attorney
EAMONN O'HAGAN
Assistant U.S. Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
Tel: (973) 645-2874

*Attorneys for the United States of America*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| *In re* <br><br> WILLIAM J. FOCAZIO, <br><br>                Debtor. | Chapter 11 <br> (Subchapter V) <br><br> Case No. 19-10880-VFP <br><br> Judge Vincent F. Papalia <br><br> **Hearing Date:  October 29, 2020** <br> **Hearing Time: 10:00 a.m.** |

**OBJECTION OF INTERNAL REVENUE SERVICE TO CONFIRMATION OF**
**SMALL BUSINESS DEBTOR'S PLAN OF REORGANIZATION**

THE UNITED STATES OF AMERICA, on behalf of the Internal Revenue Service (the "Service"), submits the following objection to confirmation of the above-captioned debtor's Small Business Plan of Reorganization (the "Plan") [ECF Doc. No. 188].  In support thereof, the Service respectfully represents as follows:

**RELEVANT BACKGROUND**

1.      William J. Focazio (the "Debtor") filed a voluntary petition under

chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on January 15, 2019 (the "Petition Date") [ECF Doc. No. 1].

2.  The Debtor has unpaid federal tax liabilities for multiple tax years ending before the Petition Date. *See* Claim No. 9. The Debtor has also failed to file Form 1040 federal income tax return for tax year 2015 (the "Delinquent Federal Return"). Prior to the Petition Date, the Service filed Notices of Federal Tax Lien (the "Tax Liens") against the Debtor. *Id*. Pursuant to 26 U.S.C. § 6321, the Tax Liens are secured by all of the Debtor's "property and rights to property, whether real ***or personal***." 26 U.S.C. § 6321 (emphasis added).

3.  The Service filed a proof of claim against the Debtor in the total amount of $402,031.14 (the "Service Claim") consisting of: (i) a secured claim pursuant to 11 U.S.C. § 506(a) in the amount of $347,997.35 (the "Secured Claim"), which amount is secured by the Tax Liens on the Debtor's scheduled property; and (ii) a priority claim pursuant to 11 U.S.C. § 507(a)(8) in the amount of $54,033.79[1] (the "Priority Claim"). *See* Claim No. 9.

4.  For the reasons discussed below, the Plan is not presently confirmable.

---

[1] This amount is currently estimated because, as noted above, the Debtor has failed to file federal tax returns for all periods entitled to priority under 11 U.S.C. § 507(a)(8).

2

# OBJECTION

## A. The Plan is Not Confirmable Because it Fails to Adequately Provide for the Service's Secured Claim

5. Because the Service has not accepted the Plan, Bankruptcy Code section 1129(b)(2)(A) prescribes the required treatment to obtain confirmation as to its Secured Claim. 11 U.S.C. § 1191(c) (incorporating confirmation requirements of section 1129(b)(2)(A) into Subchapter V cases). Section 1129(b)(2)(A) requires, *inter alia,* the Plan to provide for full payment of the Secured Claim, plus post-confirmation interest. 11 U.S.C. § 1129(b)(2)(A)(II); *In re SM 104 Ltd.*, 160 B.R. 202, 231 (Bankr. S.D. Fla. 1993) (explaining that section 1129(b)(2)(A) requires payment of "an interest rate sufficient to pay [secured creditor] the present value of its secured claim.").

6. Here, the Plan provides for no separate classification and payment of the Secured Claim. *See* Plan at 20. This defect renders the Plan unconfirmable. Thus, the Plan must be revised to provide for full payment of the Secured Claim, plus post-confirmation interest. Pursuant to Bankruptcy Code section 511, the rate of post-confirmation interest is determined under applicable non-bankruptcy law as of the calendar month in which the Plan is confirmed. 11 U.S.C. § 511(a)-(b). That rate is currently 3%.

## B. The Plan is Not Confirmable Because it Fails to Adequately Provide for the Service's Priority Claim

7. With respect to the Priority Claim, Bankruptcy Code section 1129(a)(9)(C) requires full payment in cash (plus post-confirmation interest) within

3

five-years of the Petition Date.  11 U.S.C. § 1129(a)(9)(C) *id.* § 1191(a) (incorporating section 1129(a)(9)'s confirmation requirements into Subchapter V cases); *United States v. Neal Pharmacal Co.*, 789 F.2d 1283, 1285 (8th Cir. 1986) ("Section 1129(a)(9)(C) provides that a debtor seeking confirmation of a reorganization plan under Chapter 11 may only defer the payment of priority tax claims if the creditor who is forced to accept the deferred payments receives interest on its claim in an amount that renders the deferred payments equivalent to the present value of its claim.").

8.    Here the Plan does not provide for full payment of the Priority Claim with five-years of the Petition Date; nor does it provide the payment of post-confirmation interest on the Priority Claim at the applicable rate as required by section 1129(a)(9)(C).[2]  *See* Plan at 19.  Unless the Plan is revised to comply with section 1129(a)(9)(C), it is not confirmable.

9.    To be clear, before the amount of the Priority Claim can even be determined with certainty (or the feasibility of the Plan assessed), the Debtor must file the Delinquent Federal Return.  As explained below, the failure to file that return provides an independent basis to deny confirmation of the Plan.

---

[2] As noted above, the interest rate currently applicable to federal taxes is 3%.  *See* 11 U.S.C. § 511(a)-(b).

4

C. **The Plan is Generally Unconfirmable Based on the Debtor's Failure to File Tax Returns**

10.    As noted above, the Debtor has not filed the Delinquent Federal Return.  *See* Claim No. 9.  Unless and until that return is filed, the Plan cannot be confirmed. 11 U.S.C. § 1106(a)(6) ("A trustee shall . . . for any year for which the debtor has not filed a tax return required by law, furnish, without personal liability, such information as may be required by the governmental unit with which such tax return was to be filed . . ."); *id.* § 1184 (requiring small business debtors under Subchapter V to comply with the requirements of section 1106(a)(6) of the Bankruptcy Code)*id.* § 1129(a)(2) (chapter 11 plan cannot be confirmed unless "[t]he proponent complies with the applicable provisions of this title."); *id.* § 1191(a) (applying Bankruptcy Code section 1129(a)(2)'s confirmation requirement to cases under Subchapter V); *see also Brennan v. First Jersey Secs., Inc.*, 187 B.R. 135, 148 (Bankr. D.N.J. 1995) (explaining that Bankruptcy Code sections 1106(a)(6) and 1107(a) impose a duty on debtors in possession to file required tax returns).

D. **The Plan Cannot Impermissibly Restrict Remedies Upon Default**

11.    In the event of a post-confirmation default, the Plan is silent as to creditors' remedies.  This issue must be clarified so as not to unduly restrict creditors' rights upon default.  *See, e.g.*, *In re Troutman Enters., Inc.,* 253 B.R. 8, 11 (B.A.P. 6th Cir. 2000) ("If a reorganized debtor defaults under a plan, creditors have several options, including enforcing the plan terms in any court of competent jurisdiction.") (emphasis added); *In re Jordan Mfg.*, 138 B.R. 30, 37 (Bankr. C.D. Ill.

1992) (recognizing that in the event of a plan default, in addition to remedies under the Bankruptcy Code, "[t]he other remedy is for a creditor to resort to state court remedies, *bypassing the bankruptcy court completely*.") (emphasis added).

12.  To address this issue, the Plan (or confirmation order) should be revised to clarify that following an uncured material default, the Service may enforce the Debtor's Plan obligations by taking action in *any* appropriate forum including administrative collection procedures.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the Service requests that the Court (i) deny confirmation of the Plan; and (ii) grant any other and further relief that the Court deems just and proper.

Dated: October 21, 2020

>CRAIG CARPENITO
>United States Attorney
>
>*/s/ Eamonn O'Hagan*
>EAMONN O'HAGAN
>Assistant U.S. Attorney
>
>*Attorneys for the*
>*United States of America*