|  |  |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>**MEYNER AND LANDIS LLP**<br>One Gateway Center, Suite 2500<br>Newark, New Jersey 07102<br>(973) 602-3478<br>Matthew P. Dolan, Esq.<br>MDolan@meyner.com<br>*Attorneys for Provident Bank and SB One Bank*<br><br>Caption in compliance with D.N.J. LBR 9004-2(c) | In Proceedings Under<br>Chapter 11 of the<br>United States Bankruptcy Code<br><br>Case No.: 19-10880 (VFP) |

IN RE:

William J. Focazio

                              Debtor.

**CERTIFICATION OF MATTHEW P. DOLAN, ESQ. IN RESPONSE TO APPLICATION FOR ORDER SHORTENING TIME**

I, MATTHEW P. DOLAN, ESQ., being of full age, hereby certify as follows:

1. I am an attorney at law of the State of New Jersey and a partner with the law firm Meyner and Landis, LLP, attorneys for unsecured creditor, Provident Bank ("**Provident**") and secured creditor SB One Bank ("**SB One**") (Provident and SB One are sometimes hereinafter collectively referred to as the "**Banks**[1]").

2. I make this certification in support of the Banks' response to the Application of Debtor William J. Focazio (the "**Debtor**") Shortening Time of an Order (I) Approving the First

---

[1] Effective July 31, 2020 Provident has acquired SB One.

1

Amended Disclosure Statement on an Interim Basis; (II) Scheduling a Combined Hearing on Final Approval of the First Amended Disclosure Statement and First Amended Plan Confirmation and Deadlines Related Thereto; (III) Approving the Solicitation, Notice, and Tabulation Procedures and the Forms Related Thereto; and (IV) Granting Related Relief (the "**Application**").

3. SB One is a creditor with a secured claim against the Estate in the amount of $556,211.61. *See* Claim No.: 21-1 (the "**SB One POC**").

4. Since SB One filed the SB One POC against the Estate on May 20, 2019 prior to the claim bar date of May 21, 2019 and because the SB One POC alleges facts that, if true, would support a finding that the Debtor is legally liable to SB One, the SB One POC should be afforded *prima facie* validity. *In re Allegheny Int'l Inc.*, 954 F.2d 167, 173 (3d Cir. 1992).

5. To the extent the Debtor wishes to dispute the SB One POC, the Debtor must file an objection and produce evidence in sufficient force to negate the SB One POC's *prima facie* validity. *Id.*

6. To date, the Debtor has failed to file any objection to the SB One POC or otherwise produce any evidence to refute SB One's *prima facie* status as a secured creditor in this case.

7. The Application filed by Debtor seeks to, *inter alia*, rush through approval of the Debtor's First Amended Disclosure Statement (the "**DS**") and First Amended Chapter 11 Plan (the "**Plan**") as well as Court approvals of solicitation, notice and tabulation procedures

2

for the Plan and DS.

8.    However, the Plan and DS both suffer from a fatal defect insofar as they fail to classify SB One as a secured creditor with secured creditor voting rights under the Plan.

9.    Instead, both the Plan and DS erroneously and without citation to any evidence state: "[f]urther, SB One Bank has asserted a lien against 41A Inlet Drive, Point Pleasant Beach, NJ. The Debtor believes that this debt is wholly unsecured." *See* CM/ECF Doc. No. 213, Page 25 *and* CM/ECF Doc. No. 214, Page 13.

10.    It would be fundamentally unfair for this Court to grant the Debtor interim approval of the DS along with truncated approval procedures, including the approval of certain vote tabulation procedures that seek to place SB One into an unsecured creditor class based on nothing more than the Debtor's "belief".

11.    Based on the Debtor's foregoing material misstatement, SB One (and Provident) believe there may be other pertinent objections to be made and the Banks (and all creditors) should have sufficient time to fully review and respond to the DS and Plan as they are permitted to do under the Bankruptcy Code.

12.    For those reasons, the Banks request that the Court deny the Application and allow the parties the full twenty-eight days' notice pursuant to *Fed R. Bankr. P.* 3017 to consider the DS before approval.

**MEYNER AND LANDIS LLP**
*Attorneys for Provident Bank and SB One Bank*

By: /s/ Matthew P. Dolan
Matthew P. Dolan

DATED: October 30, 2020