# MEYNER AND LANDIS LLP

ATTORNEYS AT LAW
ONE GATEWAY CENTER
SUITE 2500
NEWARK, NEW JERSEY 07102
WWW.MEYNER.COM

REPLY TO:
MATTHEW P. DOLAN
(973) 602-3478
MDolan@meyner.com

NEW YORK:
100 PARK AVENUE
16TH FLOOR
NEW YORK, NEW YORK 10017
(516) 683-0171

November 5, 2020

**VIA CM/ECF**
The Honorable Vincent F. Papalia, U.S.B.J
United States Bankruptcy Court for the District of New Jersey
50 Walnut Street
Newark, NJ 07102

    *Re:* *In re: William J. Focazio*
       *Case No.: 19-10880 (VFP)*

Dear Judge Papalia:

  We represent unsecured Creditor Provident Bank ("**Provident**") and secured creditor SB One Bank ("**SB One**") (the "**Banks**") with respect to the above referenced Chapter 11 proceeding. On Friday, October 30, 2020, the Banks filed an Objection to Debtor William J. Focazio's ("**Debtor**") Application to Shorten Time (the "**Timing Motion**") on a Motion for an Order (I) Approving the First Amended Disclosure Statement (the "**DS**") on an Interim Basis; (II) Scheduling a Combined Hearing on Final Approval of the First Amended Disclosure Statement and First Amended Plan (the "**Plan**") Confirmation and Deadlines Related Thereof; (III) Approving the Solicitation, Notice, and Tabulation Procedures and the Forms Related Thereto; and (IV) Granting Related Relief (the "**Interim Approval and Solicitation Motion**"). *See* ECF Doc. No. 218. On that same date, October 30, 2020, Your Honor granted the Timing Motion and set forth certain deadlines to object to Debtor's Interim Approval and Solicitation Motion (the "**Order Shortening Time**"). *See* ECF Doc. No. 219[1].

  We write Your Honor to respectfully advise that the Banks object to the Interim Approval and Solicitation Motion on the same basis as the Banks' objection to the Timing Motion. Specifically, and briefly, the Court should not approve the DS on an interim basis and should not approve the Solicitation, Notice and Tabulation Procedures because the Debtor improperly classified SB One as an unsecured creditor. Indeed, SB One's filed proof of claim is *prima facie* valid and the Debtor has failed to file an objection or produce any evidence to rebut and refute SB One's *prima facie* status as a secured creditor in this case. *See* Claim No.: 21. Once SB One

---

[1] Notably, although the Interim Approval and Solicitation Motion seeks to, *inter alia*, have the Court approve certain solicitation and tabulation procedures with respect to the DS and Plan, subsequent to the entry of the Order Shortening Time, the Debtor served certain Ballots advising of a confirmation hearing on November 10, 2020 and requiring ballots to be received by Debtor's counsel, Marc. D. Miceli, Esq. on or before November 6, 2020. Thus, it appears as if the Debtor is, effectively, seeking *nunc pro tunc* relief from the Court on the return date of the Interim Approval and Solicitation Motion. We do not believe this is provided for in the Order Shortening Time nor do we believe this was the Court's intention based on prior conferences with the Court. Nevertheless, out of an abundance of caution, we are serving ballots rejecting the Plan on behalf of the Banks upon Mr. Miceli so that they are received on or before November 6, 2020.

The Honorable Vincent F. Papalia, U.S.B.J
November 5, 2020
Page **2** of **2**

is properly re-classified as a secured creditor under the DS and Plan,² that re-classification will alter the Debtor's analysis of his pre-petition secured claims, the manner in which those claims are treated and the voting rights of those secured creditors omitted from the DS and Plan. Since the re-classification of SB One as a secured creditor is necessary for the Debtor to proceed and because that re-classification has a direct impact on the Debtor's ability to obtain the relief sought under the DS and Plan as well as the feasibility of the Plan, the Banks request that the Court deny the Interim Approval and Solicitation Motion and require the Debtor to amend the DS as well as the Solicitation, Notice and Tabulation Procedures to accurately reflect the treatment of SB One as a secured creditor thereunder.

Respectfully,

**MEYNER AND LANDIS LLP**

*/s/ Matthew P. Dolan*
Matthew P. Dolan

cc: Counsel of record (via CM/ECF)

---

² We believe there are other secured creditors that have been omitted from the DS and Plan, including Wilmington Savings Fund Society, FSB which according to their filed Proof of Claim holds a first priority Mortgage on a parcel of property owned by Debtor and located at 43 Inlet Drive, Point Pleasant Beach, NJ 08742. *See* Claim No.: 17