Steven Mitnick, Esq.
Marc D. Miceli, Esq.
**SM LAW PC**
P.O. Box 530
Oldwick, New Jersey 08858
(908) 572-7275
*Counsel to William J. Focazio*
*Chapter 11 Debtor*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| WILLIAM J. FOCAZIO, | Case No. 19-10880 (VFP) |
| Debtor. | Honorable Vincent F. Papalia, U.S.B.J. |

**NOTICE OF FILING OF PLAN SUPPLEMENT**

**PLEASE TAKE NOTICE** that on October 29, 2020, the above-captioned debtor (the "**Debtor**"), filed the First Amended Disclosure Statement (the "**Disclosure Statement**") (Doc. No. 213) and First Amended Plan (the "**Plan**") (Doc. No. 214).

**PLEASE TAKE FURTHER NOTICE** that on November 10, 2020, the Court approved the Disclosure Statement on an interim basis and scheduled a hearing on confirmation of the Plan for November 24, 2020.

**PLEASE TAKE FURTHER NOTICE** that in connection with the Plan, the Debtor hereby files this Plan Supplement.

The Plan Supplement outlines the revised treatment of the Internal Revenue Service's ("**IRS**") claims against the Debtor, as well as several secured and unsecured creditors, as well as other revisions. Please refer to the Second Amended Disclosure and Plan to review the complete revisions, which are available upon request and available on the docket.

The significant revisions are reproduced below:

- **The Disclosure Statement added Section III (C) as follows:**

    C.     The Allstate Adversary Proceeding

    As stated above, on January 3, 2020, Allstate filed an adversary complaint against the Debtor. See Adv. No. 20-01004 (the "**Adversary Proceeding**"). In the Complaint, Allstate sought nondischargeability of certain debts under 11 U.S.C. §§523(a)(2) and (a)(6) and 11 U.S.C.

§§727(a)(3) and (a)(4)(A) and (D), among other counts.  Upon information and belief, all of the allegations in the adversary proceeding arose on or before 2012.

The Court entered default against the Debtor on July 22, 2020 (Doc. No. 7 in the Adversary Proceeding).  On September 24, 2020, Allstate filed its Request to enter Default Judgment against the Debtor in the amount of $3,208,064.26 (Doc. No. 10 in the Adversary Proceeding).  A proof hearing on the requested default judgment is currently scheduled for November 24, 2020.

The Debtor reserves all rights to this claim and amount and intends to retain counsel to defend the Adversary Proceeding.

The Debtor's position is that if the Adversary Proceeding is defended and dismissed, the claim will have no impact on this proposed Chapter 11 Plan as no amounts will be due and owing.  To the extent that the Debtor is not successful in defending this Adversary Proceeding, however, such debt will be remain a nondischargeable debt against the Debtor, which will survive the Debtor's proposed Chapter 11 Plan.  In that event, it is the Debtor's position is that Allstate's claim will be subject of the general injunction provisions of Section VI hereunder and under the proposed Chapter 11 Plan.  The foregoing notwithstanding, to the extent that Allstate's claim becomes a liquidated judgment, Allstate will be paid on its judgment on a pro rata basis as a general unsecured claim in the Endo Surgical / Focazio MD PA joint plan until that plan is concluded after which time, Allstate may seek enforcement of the balance of its judgment against the Debtor.

- **The Disclosure Statement and Plan amended the Administrative Claims section to include "the Chapter 11 Trustee and his counsel" as well as a footnote which reads**:

The Debtor has accrued post-petition utility bills in connection with his residence which he will vacate.  Such utility bills will attach as liens to the property as in rem charges.  The Debtor disputes any claim made by Wellcare, TCCM and/or Ms. Nancy Sullivan who may assert a claim against the Debtor for approximately $49,970.00.  If such claim is valid, such debt would be claim in Endo and MD PA, not the Debtor's case.

- **The Disclosure State and Plan amended the Tax Claims section as follows:**

Below are the Focazio' priority tax claims:

| Name of Taxing Authority and Type of Tax | Estimated Amount Owed | Date of Assessment | Treatment |
|---|---|---|---|
| Internal Revenue Service (POC 9)<br><br>POC 9 was amended on November 13, 2020 to reflect a total secured amount of $347,997.35. | $347,997.35 Secured<br><br>0.00 Unsecured | | Such claims shall receive an initial pro rata payment of twenty-five thousand dollars ($25,000) on the date of confirmation and thereafter shall receive equal monthly installments over sixty (60) months.  The initial pro rata payment shall be made by the Management Company (defined below) and thereafter the payments over sixty (60) months shall be funded by the Reorganized Debtor and/or the Management Company on an as needed basis. |
| State of New Jersey, Division of Taxation (POC 16) | $217,197.64 | | Same treatment as above. |

On October 21, 2020, the IRS filed an objection to the confirmation of the Debtor's small business plan of reorganization (Doc. No. 211) (the "Objection").  The Debtor has been in discussions with the IRS and has drafted

2

and transmitted a proposed Stipulation and Consent Order to the IRS which he hopes and anticipates will resolve the IRS' Objection. The proposed terms of the Stipulation are as follows:

1. The debtors William J. Focazio, M.D., P.A. ("**Focazio MD PA**") and Endo Surgical Center of North Jersey ("**Endo Surgical**") (collectively the "**Business Debtors**") entered into a consent order with the IRS on November 9, 2020 (the "**Focazio MD PA Consent Order**") which was submitted to the Bankruptcy Court on November 11, 2020 for entry in the bankruptcy case captioned In re William J. Focazio, M.D., P.A., et al. (Case No. 18-10752)(VFP) (the "**Focazio MD PA Bankruptcy Case**") (See Docket No. 449 in the Focazio MD PA Bankruptcy Case). Except as provided herein, the terms contained in the Focazio MD PA Consent Order are hereby incorporated by reference and made a part hereof.

2. The payments to be made by the Business Debtors pursuant to the Focazio MD PA Consent Order shall be applied towards the Focazio MD PA and/or the Endo Surgical tax debts.

3. In the event that the Business Debtors default under the terms of the Focazio MD PA Consent Order, and such default is not cured as set forth therein, then any unpaid trust fund tax will continue as a nondischargeable trust fund tax against the Debtor, William J. Focazio, individually.

4. The IRS supports the Debtor's Amended Plan as modified by this order.

5. If a dispute arises under the terms of this Stipulation and Consent Order, the Debtor and the IRS consent to the jurisdiction of the Bankruptcy Court to resolve such dispute.

All Footnotes are the same in this section except for the Footnote 19 of the Disclosure Statement and Footnote 6 of the Plan, which now reads:

The total claim was $551,813.43 as per the POC 9 which was filed on March 15, 2019 ($347,997.35 secured and $203,816.08 unsecured). POC 9 was later amended on October 16, 2020 to $402,031.14 ($347,997.35 secured and $54,033.79 unsecured). On November 13, 2020, POC 9 was amended to $347,997.35 secured with 0.00 as unsecured.

- **The Disclosure State and Plan amended the Secured Claims section as follows:**

    **SECURED CLAIMS** – First Commerce Bank ("FCB") is owed in excess of $7,671,243.94, however, FCB's claim is contingent and shall be waived and released in accordance with a settlement agreement entered into on May 20, 2020 (Case No. 18-10752; Doc. 391). FCB has also agreed to vote its claim in favor of the Debtor's plan as well as in the plans of the related debtors – Endo Surgical Center of North Jersey, P.C. (Case No. 18-10753) and William Focazio, MD, P.A. (Case No. 18-10752) (collectively, all three cases are referred to as the "Debtors"). FCB is secured by all or substantially all of the Debtors' assets. In addition, FCB has a substantial unsecured claim in all of the Debtors' cases.

    In addition, there are three parcels of real estate located at Inlet Drive, Point Pleasant Beach (Lot 41A, 43 and 41) (the "**Point Pleasant Lots**"), which are secured by debts other than FCB.

    SB One Bank ("**SB One**") asserted a secured claim against 41A Inlet Drive, Point Pleasant Beach, New Jersey in the amount of $556,211.61 (See POC No. 21-1).

Wilmington Savings Fund Society, FSB, as trustee of Stanwich Mortgage Loan Trust A ("**Wilmington**") asserted a secured claim against 43 Inlet Drive, Point Pleasant Beach, New Jersey in the amount of $697,455.30 (See POC No. 17-1).

Oritani Bank ("**Oritani**") asserted a secured claim against 41 Inlet Drive, Point Pleasant, New Jersey in the amount of $168,376.07 (See POC No. 18-1). Upon information and belief, the Oritani debt was acquired by Valley National Bank.

With respect to the Point Pleasant Lots described above, a party is seeking to purchase the notes of SB One, Wilmington and Oritani (or Valley National Bank) for a sum to be negotiated. The purchaser will enter into a stand down agreement with the Debtor for one year after the Effective Date of the Plan.

The following chart lists all classes containing the Debtor's secured prepetition Claims and their proposed treatment under the Plan:

| Class # | Description | Insider (Yes or No) | Impairment | Treatment |
|---|---|---|---|---|
| 1 | First Commerce Bank ("FCB") (POC 19) $8,277,966 | No | Yes | As noted above, claims are being waived and released if settlement complied with. |
| 1 | SB One Bank (POC 21-1) $556,511.61 | No | Yes | As noted above, the Debtor intends to have this Note sold to a third party. |
| 1 | Wilmington Bank (POC 17-1) $697,455.30 | No | Yes | As noted above, the Debtor intends to have this Note sold to a third party. |
| 1 | Oritani / Valley National Bank (POC 18-1) $168,376.07 | No | Yes | As noted above, the Debtor intends to have this Note sold to a third party. |

All Footnotes are the same in this section.

- **The Disclosure Statement and Plan amended a Footnote concerning Allstate as follows:**

    Claims total approximately $5,851,000, however, Allstate New Jersey Property and Casualty Insurance, Claim No. 22, will be treated through Endo Surgical / Focazio MD PA's joint plan. Once that joint plan is concluded, Allstate may seek enforcement of the balance of its judgment against the Debtor.

4

- **The Disclosure Statement and Plan amended the Means for Effectuating the Plan as follows:**

    A.  **Means of Effectuating the Plan**
    1.  **Funding for the Plan**

    The Reorganized Debtor is entering into a management agreement with RJ Capital to provide capital as needed and for operations. Through operations and financial assistance of RJ Capital, plan payments shall be funded.

    The terms of the Management Agreement are as follows:

    - Management Company to pay $25,000 towards administrative tax claims on the effective date of confirmation and $50,000 towards administrative expenses as set forth above.
    - Unsecured creditors are to be paid $150,000 pro rata on their allowed claims over eight (8) years on a monthly basis in the amount of $1,562.50. Payments will be made by the Reorganized Debtor through operations and/or Management Company as required; and
    - Management Company is committed to contribute up to $1 million to assist the Debtor with its operational needs to fund certain payments under the Plan, expand Debtor's business and increase revenues. **The Management Company shall receive a monthly management fee to be determined. Please see footnote below**.

- **A footnote was added after the first sentence of this section to read:**

    The Debtor intends to clarify its relationship, both monetary and non-monetary, with RJ Capital by filing a Certification of Dr. Focazio in support of confirmation which attaches the Management Agreement between the parties. The Management Agreement will articulate (1) the funding to be provided by RJ Capital, (2) the compensation arrangement between the parties (the 60% arrangement is no longer applicable and will be clarified), and (3) the numerous duties that RJ Capital will be handling. In short, RJ Capital will be handling *all* back office duties including hiring, firing, scheduling, accounting, tax filings, procuring equipment, building management, etc. The purpose of the Management Agreement is to, among other things, allow Dr. Focazio to solely concentrate on practicing medicine and generating revenues therefrom. RJ Capital will be in charge of and be responsible for all non-medical duties and management as will be set forth in the Management Agreement.

                                **SM LAW PC**

                                *Counsel to William Focazio,*
                                *Chapter 11 Debtor*


                                By:   /s/ Marc D. Miceli
                                        STEVEN MITNICK
                                        MARC D. MICELI

November 13, 2020