| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-2(c)** | |
| STEVEN MITNICK, ESQ.<br>MARC D. MICELI, ESQ.<br>**SM LAW PC**<br>P. O. Box 530<br>Oldwick, New Jersey 08858<br>(908) 572-7275<br>*Counsel to Debtor, William J. Focazio* | |
| In Re:<br><br>WILLIAM J. FOCAZIO<br><br>           Debtor. | Case No.: 19-10880 (VFP)<br><br>Chapter 11<br><br>Judge: Hon. Vincent F. Papalia<br><br>**Confirmation Hearing Date and Time:**<br>**December 2, 2020 at 2:30 p.m.** |

### CERTIFICATION OF WILLAIM J. FOCAZIO PURSUANT TO BANKRUPTCY CODE SECTION 1129(a) AND (b) IN SUPPORT OF CONFIRMATION OF THE DEBTOR'S CHAPTER 11 PLAN OF REORGANIZATION

**William J. Focazio, MD,** hereby certifies under the penalties of perjury as follows:

1. I am the individual chapter 11 debtor in the above-captioned bankruptcy case. I am also the 100% shareholder of William J. Focazio, M.D., P.A. ("**Focazio MD PA**"), as well as the President and 100% shareholder of Endo Surgical Center of North Jersey, P.C. ("**Endo Surgical**," together with Focazio MD PA, referred to as the "**Business Debtors**"). The Business Debtors are also Chapter 11 debtors in their own chapter bankruptcy proceedings in the cases captioned In re William J. Focazio, M.D., P.A., et al. (Case No. 18-10752)(VFP) and In re Endo Surgical Center of North Jersey (Case No. 18-10753)(VFP).

2. I am fully familiar with my financial affairs as well as the businesses and affairs of the Business Debtors, including the facts and circumstances set forth herein. I am fully familiar

with the facts set forth below upon my knowledge, except as to those matters stated to be upon information and belief, and as to those matters, I believe them to be true. If I am called to testify as a witness in this matter, I would competently testify to each of the facts set forth herein.

3. I make this certification (the "**Certification**") in support of confirmation of the *Debtor's Second Amended Plan of Reorganization* (the "**Plan**")[1] [Doc. No. 228] pursuant to Section 1129 of Title 11 of the United States Code (the "**Bankruptcy Code**"). All matters set forth in this Certification are based on (a) my personal knowledge, (b) my review of relevant documents, including the Plan, (c) my opinion, based on my personal experience and knowledge of my business and financial condition, or (d) as to matters involving the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure, my reliance on the advice of bankruptcy counsel. The references to sections of the Bankruptcy Code in this Declaration have been supplied by counsel to me in order to provide the context for the statements made herein.

**Background**

4. On January 15, 2019, I filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey. See Docket No. 1.

5. On May 13, 2019, an Order was entered directing the appointment of a Chapter 11 Trustee (Doc. No. 69). On May 17, 2019, Edward A. Phillips was appointed as Chapter 11 Trustee (the "**Trustee**") (Doc. No. 73). An Order approving the appointment of the Chapter 11 Trustee was entered on May 29, 2019 (Doc No. 78).

6. On September 23, 2020, the Debtor elected and filed a Chapter 11 Small Business Subchapter V Plan (See Doc. Nos. 188-189), which the Court denied on or about October 20, 2020.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

7. Thereafter, on October 29, 2020, the Debtor filed an Amended Disclosure Statement and Plan along with a *Motion for an Order (I) Approving The First Amended Disclosure Statement On An Interim Basis; (II) Scheduling A Combined Hearing On Final Approval Of The First Amended Disclosure Statement And Plan Confirmation And Deadlines Related Thereto; (III) Approving The Solicitation, Notice, And Tabulation Procedures; And (IV) Granting Related Relief* (See Doc. Nos. 213-216).

8. On November 12, 2020, the court entered an Order approving the First Amended Disclosure Statement on an interim basis and scheduled a confirmation hearing for November 24, 2020. (Doc. No. 224).

9. On November 13, 2020, the Debtor filed his Second Amended Disclosure Statement and Plan (Doc. No. 227 and 228). Confirmation is scheduled for December 2, 2020.

**Voting Results – Focazio MD PA**

10. Class 1 is impaired and is deemed to have accepted the Plan. The claimants who filed ballots in this class were First Commerce Bank in the amount of $8,277,966.00, which voted in favor of the Plan; and SB One Bank in the amount of $539,504.04 which rejected the Plan. Pursuant to an Order approving a settlement entered on May 20, 2020, First Commerce Bank's treatment under the Plan will be incorporated through the Order confirming the Plan.

11. Class 2 is not applicable as no votes were cast.

12. Class 3 is impaired and has not accepted the Plan.[2] Eight (8) ballots were received. While four (4) ballots were in favor of the Plan in the total amount of $59,098.55, the remaining four (4) rejecting ballots totaled $5,463,798.93.[3]

## THE PLAN SATISFIES ALL REQUIREMENTS FOR CONFIRMATION

13. As more specifically set forth below, to the best of my knowledge and belief, and having reviewed the requirements for confirmation of the Plan with my legal advisors, I believe: (i) the Plan complies with all applicable provisions of the Bankruptcy Code as required by Section 1129(a)(1) of the Bankruptcy Code, including Sections 1122 and 1123, (ii) the discretionary provisions of the Plan are consistent with Section 1123(b) of the Bankruptcy Code, (iii) the Plan complies with Sections 1129(a)(2) through 1129(a)(13) of the Bankruptcy Code, (iv) if necessary, the Plan satisfies the "cram down" requirements of Section 1129(b) of the Bankruptcy Code, and (v) the principal purpose of the Plan is not avoidance of taxes.

### A. Section 1129(a)(1) – Compliance of the Plan With Applicable Provisions of the Bankruptcy Code

14. It is my understanding that the Plan satisfies Sections 1123(a)(1), 1122(a) and 1122(b) of the Bankruptcy Code. As required by Section 1122(a) of the Bankruptcy Code, each Class of Claims specified in the Plan contains only Claims that are substantially similar to the other Claims within that Class. Indeed, the Plan provides for the separate classification of Claims based on differences in the legal nature and/or priority of the Claims. Specifically, the Plan designates

---

[2] There are no Class 2 claimants in the Debtor's proposed plan as that class was designated for unsecured nontax priority claims. As such, claimants who filed as Class 2 have been redesignated as Class 3 general unsecured creditors in tallying the votes.

[3] See Footnote 2 above. The ballots of Allstate, American Express, and Wellcare have been redesignated as Class 3 general unsecured claims. Cole Schotz, Provident Bank and Fulton filed ballots as Class 3.

3 Classes of Claims. Each of the Claims in each particular Class is substantially similar to the other Claims in such Class.

15. It is my understanding that the Plan also satisfies Sections 1123 of the Bankruptcy Code:

    a. <u>Section 1123(a)(1) of the Bankruptcy Code:</u> The Plan designates each Class of Claims, other than Claims of a kind specified in Section 507(a)(2), 507(a)(3) or 507(a)(8) of the Bankruptcy Code.

    b. <u>Section 1123(a)(2) of the Bankruptcy Code:</u> The Plan identifies each Class of Claims that is not impaired under the Plan.

    c. <u>Section 1123(a)(3) of the Bankruptcy Code:</u> The Plan sets forth the treatment of impaired Claims.

    d. <u>Section 1123(a)(4) of the Bankruptcy Code:</u> The Plan uniformly provides for the same treatment of each Claim in a particular Class, as the case may be, unless the Holder of a particular Claim has agreed to less favorable treatment with respect to such Claim.

    e. <u>Section 1123(a)(5) of the Bankruptcy Code:</u> The Plan provides adequate means for the Plan's implementation including the enumeration of the means for implementation of the Plan as required by Section 1123(a)(5).

    f. <u>Section 1123(a)(6) of the Bankruptcy Code:</u> The Plan does not provide for the issuance of non-voting equity securities. Accordingly, Section 1123(a)(6) of the Bankruptcy Code is not applicable.

### B.    Section 1123(b) – Discretionary Contents of the Plan

16. It is my understanding that the discretionary provisions of the Plan comply with Section 1123(b) of the Bankruptcy Code and are not inconsistent with other applicable provisions of the Bankruptcy Code. It is my understanding that the Plan contains various provisions that may

be construed as discretionary and are not required for confirmation under the Bankruptcy Code, including, among others, the impairment and unimpairment of Allowed Claims (Section 1123(b)(1)), the assumption or rejection of executory and unexpired leases (Section 1123(b)(2)), and retention of causes of action (Section 1123(b)(3)(B)).

      **C.**      **Sections 1129(a)(2)-1129(a)(16)—Compliance of the Debtor with the Applicable Provisions of the Bankruptcy Code**

17.      The Plan complies fully with the remaining requirements of Section 1129(a) of the Bankruptcy Code.

### Section 1129(a)(2) of the Bankruptcy Code

18.      It is my understanding that I, as the proponent of the Plan, have satisfied all applicable provisions of the Bankruptcy Code as required by Section 1129(a)(2) of the Bankruptcy Code, including Sections 1122, 1123, 1124, 1125, 1126 and 1128 of the Bankruptcy Code and Bankruptcy Rules 3017, 3018 and 3019.

19.      It is my understanding that votes to accept or reject the Plan were solicited after the Court approved the adequacy of the Plan and Disclosure Statement on an interim basis.

20.      I believe that my respective advisors, attorneys and agents and I have solicited and tabulated votes on the Plan and have participated in the activities described in Section 1125 of the Bankruptcy Code fairly, in good faith and in a manner consistent with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and all other applicable rules, laws and regulations, as I understand them.  It is my understanding that such persons are entitled to the protections afforded by Section 1125(e) of the Bankruptcy Code.

21.      I believe that my respective advisors, attorneys and agents and I have participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code, as I

understand them, with regard to the offering, issuance and distribution of recoveries under the Plan.

### Section 1129(a)(3) of the Bankruptcy Code – Proposal of Plan in Good Faith

22. It is my understanding that the I, as the proponent of the Plan, have satisfied Section 1129(a)(3) of the Bankruptcy Code. Having been extensively involved with the development of the Plan, I believe that I have proposed the Plan in good faith and not by any means forbidden by law. Good faith is evident from the facts and record of this chapter 11 case and the hearing thereon, and other proceedings held in this chapter 11 case, including support provided by parties in interest.

23. The Plan was proposed in good faith with the legitimate and honest purposes of maximizing the value of my estate and the corresponding recovery to my creditors. Indeed, the Plan is the result of collaborative efforts with my material stakeholders. The Plan is the culmination of an extensive arms' length good faith negotiation process. The Plan achieves the primary objectives of Chapter 11.

24. I further believe that the Plan represents a good faith effort to provide to the various stakeholders a recovery superior to that in a hypothetical chapter 7 liquidation, under the totality of the circumstances.

### Section 1129(a)(4) of the Bankruptcy Code – Court Approval of Certain Payments as Reasonable

25. It is my understanding that the Plan satisfies Section 1129(a)(4) of the Bankruptcy Code. The payment of certain fees and expenses of retained professionals are subject to final review for reasonableness by the Bankruptcy Court under Section 330 of the Bankruptcy Code. Furthermore, the Plan provides that the Bankruptcy Court shall retain jurisdiction to hear and

determine all Fee Applications. Under the terms of the Plan, the Bankruptcy Court has jurisdiction to review any dispute with respect to the reasonableness of such fees.

### Section 1129(a)(5) of the Bankruptcy Code – Disclosure of Management and Consistency of Management Proposals with the Interests of Creditors and Public Policy

26. It is my understanding that the Plan complies with the requirements of Section 1129(a)(5) of the Bankruptcy Code. In addition, the Reorganized Business Debtors, along with the management company, will manage the Business Debtors where I will continue to practice medicine.

### Section 1129(a)(6) of the Bankruptcy Code – Approval of Rate Changes

27. It is my understanding that the Plan does not provide for any rate change that requires regulatory approval. Therefore, Section 1129(a)(6) of the Bankruptcy Code is not applicable.

### Section 1129(a)(7) of the Bankruptcy Code – Best Interests of Creditors Test

28. It is my understanding that Section 1129(a)(7) of the Bankruptcy Code has been satisfied. I prepared a chapter 7 liquidation analysis attached to the Plan (the "**Liquidation Analysis**") and an estimate of the amount available for distribution to holders of allowed claims pursuant to the Plan. Based on my review of the Liquidation Analysis, I believe that the Liquidation Analysis: (a) is reasonable as of the dates such analysis or evidence was prepared, presented or proffered; (b) utilizes reasonable and appropriate methodologies and assumptions in light of the purpose for which it was prepared; (c) has not been controverted by other evidence; and (d) establishes that distributions for holders in every impaired Class under the Plan on account of Allowed Claims will receive a value equal to or greater than the amount such holder would be

entitled to receive if my assets were liquidated on the Effective Date under Chapter 7 of the Bankruptcy Code.

29. Therefore, the Plan satisfies Section 1129(a)(7) of the Bankruptcy Code. Section 1129(a)(8) of the Bankruptcy Code.

**Section 1129(a)(8) of the Bankruptcy Code - Conclusive Presumption of Acceptance by Unimpaired Classes; Acceptance of the Plan by Each Impaired Class**

30. It is my understanding that Section 1129(a)(8) of the Bankruptcy Code has been satisfied. I incorporate by reference, as if fully set forth herein, the *Certification of Balloting* (Docket No. ___). These submissions reflect, in pertinent part, that my (a) Class 1 of secured claims have voted to accept, are impaired and deemed to have accepted; (b) Class 2 of Priority Unsecured Claims – the Debtor does not have any such claims; (c) Class 3 of General Unsecured Creditors has eight (8) votes and are not deemed to have voted to accept the Plan.

31. Based on my review, Classes 1 has voted to accept the Plan.

32. As each impaired class has accepted the Plan, it is my understanding that Section 1129(a)(8) has been fulfilled. It is my understanding, therefore, that the Plan is confirmable.

**Section 1129(a)(9) of the Bankruptcy Code – Treatment of Claims Entitled to Priority Pursuant to Section 507(a) of the Bankruptcy Code**

33. It is my understanding that the Plan satisfies Section 1129(a)(9) of the Bankruptcy Code. Based on my review of the Plan, the Plan provides for the treatment of Administrative Expense Claims, Priority Tax Claims, Professional Compensation Claims, and other Claims entitled to priority under Sections 507(a)(1)-(8) of the Bankruptcy Code, as applicable, in the

9

manner required by Section 1129(a)(9) of the Bankruptcy Code. Therefore, the Plan complies with Section 1129(a)(9) of the Bankruptcy Code.

### Section 1129(a)(10) of the Bankruptcy Code – Acceptance by At Least One Impaired Class

34. Based on my review of the Voting Declaration and my knowledge of the solicitation process, I understand that at least one impaired Class of Claims has accepted the Plan. Accordingly, the Plan satisfies the requirements of Section 1129(a)(10) of the Bankruptcy Code.

### Section 1129(a)(11) of the Bankruptcy Code – Feasibility of the Plan

35. It is my understanding that Section 1129(a)(11) of the Bankruptcy Code has been satisfied. I believe that the Plan meets the feasibility requirements under the Bankruptcy Code based upon the projections submitted.

36. The management company will infuse up to one million dollars to fund certain tax payments and for operations of the Business Debtors to allow the Business Debtors to make their plan payments. As I will continue to practice medicine at the Reorganized Business Debtors, I project that my gross yearly income will be $370,000, which is comprised of projected gross income of $100,000 from Focazio MD PA; $150,000 from Endo Surgical and $120,000 from Crosstown.

37. Therefore, I believe the Plan is feasible within the meaning of Section 1129(a)(11) of the Bankruptcy Code.

### Section 1129(a)(12) of the Bankruptcy Code – Payment of All Fees

38. It is my understanding that the Plan satisfies Section 1129(a)(12) of the Bankruptcy Code. Quarterly fees due to the United States Trustee shall be paid in full on the effective date. Accordingly, the Plan satisfies the requirements of Section 1129(a)(12) of the Bankruptcy Code.

### Section 1129(a)(13) of the Bankruptcy Code –
### Payment of Retiree Benefits

39. I have no obligation to pay "retiree benefits" within the meaning of Section 1114 of the Bankruptcy Code on or before the Filing Date. Accordingly, Section 1129(a)(13) of the Bankruptcy Code is not applicable.

### Section 1129(a)(14) of the Bankruptcy Code –
### Domestic Support Obligation

40. I am advised by counsel that the provisions of Bankruptcy Code section 1129(a)(14) are inapplicable because the I am not required to pay any domestic support obligations. Accordingly, Section 1129(a)(14) of the Bankruptcy Code is not applicable.

### Section 1129(a)(15) of the Bankruptcy Code –
### Individual

41. It is my understanding that the Plan satisfies Section 1129(a)(15) of the Bankruptcy Code since the value to be distributed under the Plan is not less than the projected disposable income I expect to receive during the 5-year period beginning on the date that the first payment is due under the Plan, or during the period for which the plan provides payments, whichever is longer.

### Section 1129(a)(16) of the Bankruptcy Code –
### Transfers of Property Under Plan

42. The Plan does not unfairly discriminate with respect to the dissenting classes.

43. I further understand that the "new value" exception allows confirmation over a dissenting class of creditors. New value is not applicable here.

44. The Plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims that are impaired.

45. I respectfully request that the Court confirm my Plan, as amended, and grant such other relief as the Court deems just and equitable.

I certify under the penalty of perjury that the foregoing statements made by me are true. I am aware if any of the foregoing statements are willfully false, I am subject to punishment.

/s/ *William J. Focazio*
WILLIAM J. FOCAZIO

Dated: November 30, 2020