| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY** | |
| **McMANIMON, SCOTLAND & BAUMANN, LLC**<br>75 Livingston Avenue, Second Floor<br>Roseland, New Jersey 07068<br>(973) 622-1800<br>Anthony Sodono, III (asodono@msbnj.com)<br>Sari B. Placona (splacona@msbnj.com)<br>*Counsel to William J. Focazio, M.D., P.A., et al.*<br>*Chapter 11 Debtors and Debtors-in-Possession* | Order Filed on March 4, 2021<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In re:<br>WILLIAM J. FOCAZIO, M.D., P.A., *et al.*,<br>　　　　Debtors. | Case No.: 18-10752<br><br>Judge: Vincent F. Papalia |
| In re:<br>WILLIAM J. FOCAZIO,<br>　　　　Debtor. | Chapter: 11<br>(Jointly Administered)<br><br>Case No. 19-10880 |
| ALLSTATE NEW JERSEY PROPERTY AND CASULATY INSURANCE,<br>　　　　Plaintiff,<br>　v.<br>WILLIAM J. FOCAZIO,<br>　　　　Defendant. | Adv. Case No. 20-01004<br><br>Judge: Vincent F. Papalia |

**ORDER APPROVING SETTLEMENT AGREEMENT BY AND BETWEEN
WILLIAM J. FOCAZIO , MD, PA,
ENDO SURGICAL CENTER OF NORTH JERSEY,
<u>WILLIAM J. FOCAZIO, MD, AND ALLSTATE INSURANCE COMPANY</u>**

　　　The relief set forth on the following pages, numbered two (2) through four (4), is hereby **ORDERED**.

**DATED: March 4, 2021**

_____
**Honorable Vincent F. Papalia
United States Bankruptcy Judge**

**THIS MATTER** having been opened to the Court by McManimon, Scotland & Baumann, LLC, counsel for William J. Focazio, MD, PA, and Endo Surgical Center of North Jersey, the chapter 11 debtors (collectively, the "Debtors"), and William J. Focazio, MD, individual debtor ("Dr. Focazio"), and Allstate Insurance Company ("Allstate"), upon the filing of Settlement and Mutual Release Agreement by and amongst the Debtors, Dr. Focazio, and Allstate, annexed as Exhibit 1, pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 9019 and granting other and related relief (the "Settlement Agreement")[1]; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Agreement is in the best interests of the Debtors, their estates, and creditors, Dr. Focazio, his estate, and creditors, and Allstate; and notice of the Settlement Agreement being good and sufficient and no further notice of the relief requested in the Settlement Agreement is required; and after due deliberation and cause appearing therefor;

**THE COURT HEREBY FINDS AND DETERMINES that:**

A.   The Court has jurisdiction over the Settlement Agreement pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157. Venue of the Settlement Agreement is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B.   As evidenced by the representation of counsel at the confirmation hearing: (i) proper, timely, adequate and sufficient notice of the Settlement Agreement has been provided; (ii) such notice was good, sufficient and appropriate under the particular circumstances; and (iii) no other or further notice of the Settlement Agreement, the hearing or entry of this Order shall be required.

---

[1] Capitalized terms used, but not defined herein shall have the meanings given to them in the Motion.

C. A reasonable opportunity to object or to be heard regarding the relief requested in the Agreement has been afforded to all interested persons and entities.

D. The settlement is in the best interests of the Debtors, their creditors and their bankruptcy estates, Dr. Focazio, his creditors, and his bankruptcy estate.

E. The consideration in connection with the Settlement Agreement is fair consideration and constitutes reasonable equivalent value.

F. The Debtors and Dr. Focazio have articulated sound business reasons for consummating the transactions set forth in the Settlement Agreement and it is a reasonable exercise of the Debtors' business judgment to consummate the Settlement.

**IT IS ORDERED that:**

1. The motion to approve the Settlement Agreement is **GRANTED** as set forth herein.

2. Any and all objections to the Settlement Agreement or to the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included in such objections, are hereby overruled and denied except for those rights set forth in the Settlement Agreement.

3. The terms of the Settlement Agreement are hereby authorized and approved in full, and the Debtors, Dr. Focazio, and Allstate, are authorized to enter into the Settlement Agreement.

4. The Parties are authorized and directed to consummate the Settlement Agreement, as documented by the Settlement Agreement, perform their respective obligations thereunder when due, and take such other actions as are necessary to execute and deliver all documents

referenced in, contemplated by, or otherwise necessary to effectuate the Settlement Agreement without any further authorization of the Court.

5. The settlement, as documented by the Settlement Agreement, and any related agreements, documents, or other instruments may be modified, amended or supplemented by the Parties thereto, in a writing signed by the Parties, and in accordance with the terms thereof, without further order of this Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtors.

6. The stay provisions contained in Fed. R. Bankr. P. 6004(h) are hereby waived.

7. The failure to specifically include any particular provision of the settlement, as documented by the Settlement Agreement, in this Order shall not diminish or impair the efficacy of such provision, it being the intent of this Court that the settlement and each and every provision, term and condition thereof be authorized and approved in their entirety.

8. This Court shall retain exclusive jurisdiction to enforce the provisions of this Order and the Settlement Agreement, as documented by the Settlement Agreement, and to resolve any issue or dispute concerning the interpretation, implementation or enforcement of this Order and the settlement, or the rights and duties of the Parties hereunder or thereunder, including without limitation, (i) interpretation of the terms, conditions and provisions thereof, and (ii) all issues and disputes arising in connection with the relief authorized herein.

9. The provisions of this Order are non-severable and mutually dependent.

# EXHIBIT 1

**Settlement Agreement**

## SETTLEMENT AND MUTUAL RELEASE AGREEMENT

This Settlement and Mutual Release Agreement (the "*Agreement*") is made as of the 25th day of February, 2021, by and among Allstate New Jersey Insurance Company, Allstate Insurance Company, Allstate Indemnity Company, Allstate Property and Casualty Insurance Company, Allstate New Jersey Property and Casualty Insurance Company, Allstate Fire and Casualty Insurance Company, Encompass Insurance Company of New Jersey, Encompass Indemnity Company and Encompass Property and Casualty Company of New Jersey (referred to herein collectively as "*Allstate*"), and William J. Focazio, M.D. ("*Focazio*"), Endo Surgical Center of North Jersey, P.C. (hereinafter, "*Endo*"), William J. Focazio, M.D., P.A. ("*MDPA*") (hereinafter collectively the "*Debtors*" or individually "*Debtor*") and RJ Capital MED, LLC ("*RJ*") (RJ and Debtors hereinafter collectively referred to as the "*Focazio Parties*").

## BACKGROUND

**WHEREAS**, on October 31, 2013, Allstate entered into a settlement agreement with the Debtors pursuant to which they agreed to reimburse Allstate for PIP medical benefit payments it had paid Endo and MDPA and to resolve their then pending PIP claims against Allstate (hereinafter "*Initial Settlement*").

**WHEREAS**, Debtor did not comply with the terms of the Initial Settlement;

**WHEREAS**, on January 13, 2018, Endo and MDPA filed for bankruptcy protection under Chapter 11 of the United States Bankruptcy Code (the "*Bankruptcy Code*") Bankruptcy Case No. 18-10753-VFP and 18-10752-VFP (the "*Endo and MDPA Bankruptcy Cases*") before the United States Bankruptcy Court for the District of New Jersey (the "*Bankruptcy Court*");

1

**WHEREAS**, on January 15, 2019, Focazio filed for personal protection under Chapter 11 of the Bankruptcy Code under Case No. 19-10880-VFP before the Bankruptcy Court (the "*Focazio Individual Bankruptcy Case*");

**WHEREAS**, Allstate filed proofs of claim against the Debtors in the Endo and MDPA Bankruptcy Cases and the Focazio Individual Bankruptcy Case ("*Allstate Claims*") related to the Debtor's and/or the Debtors' alleged breach of the Initial Settlement;

**WHEREAS**, on January 3, 2020, Allstate instituted an adversary proceeding against Focazio under Adv. Pro. No. 20-01004-VFP objecting to Focazio's discharge under Sections 523 and 727 of the Bankruptcy Code (the "*Adversary Proceeding*");

**WHEREAS**, Focazio did not file an answer contesting the allegations and on July 22, 2020 default was entered and on September 24, 2020, Allstate applied for entry of default judgment against Focazio seeking a non-dischargeable judgment (the "*Judgment*");

**WHEREAS**, on March 10, 2020, Focazio filed a motion to dismiss his Focazio Individual Bankruptcy Case ("*Dismissal Motion*") and Allstate objected to the Dismissal Motion;

**WHEREAS**, on September 23, 2020, the Debtors filed plans of reorganization (the "*Plans*");

**WHEREAS**, Allstate submitted ballots voting against the Plans and objected to confirmation of the Plans;

**WHEREAS**, the Debtors and RJ have conducted extensive negotiations with Allstate to resolve Allstate's objections and to seek its support for the confirmation of the proposed chapter 11 plans in the Endo and MDPA Chapter 11 Bankruptcy Cases and the dismissal of the Focazio Individual Bankruptcy Case;

2

**WHEREAS**, the parties to this Agreement now desire to settle fully and finally Allstate's Adversary Proceedings and Allstate's Claims against Debtors and Objections to the Debtors' Plans and Dismissal Motion.

**NOW, THEREFORE,** in consideration of the foregoing and the mutual covenants contained herein, and intending to be legally bound hereby, the parties agree as follows:

1. **Focazio Judgment**. Upon execution of this Agreement: (1) Allstate is entitled to request the Bankruptcy Court to enter Judgment against Focazio in the amount of three million dollars ($3,000,000) (the "*Judgment Amount*"), (2) Debtors shall not object to entry of the Judgment, (3) Allstate shall hold the Judgment in escrow pending the Focazio Parties' compliance with the terms of this Agreement, (4) Allstate supports dismissal of Focazio's Individual Bankruptcy Case, and (5) Allstate supports and votes its Allstate Claims in favor of confirmation of Endo's and MDPA's chapter 11 bankruptcy plans in the Endo and MDPA Bankruptcy Cases and withdraws any objections to the Endo and MDPA chapter 11 bankruptcy plans in the Endo and MDPA Bankruptcy Cases and the Dismissal Motion in the Focazio Individual Bankruptcy Case.

2. **Settlement Payments**. The Focazio Parties agree to pay Allstate $600,000 (the "*Settlement Amount*") in the following installments: (a) $100,000 on or before the "Effective Date" (as defined in the Endo and MDPA chapter 11 bankruptcy plans and the *Order Approving Settlement Between the Debtor and Chapter 11 Trustee and Dismissing Case* (the "*Dismissal Order*") entered in the Focazio Individual Bankruptcy Case); (b) $125,000 within ninety (90) days from the Effective Date; (c) $125,000 within one hundred and eighty (180) days of the Effective Date; (d) $125,000 within two hundred and seventy (270) days from the Effective Date; and (e) $125,000 within three hundred and sixty (360)

3

days from the Effective Date. The Focazio Parties shall have a seven (7) day grace period to make the Settlement Payments before Allstate may declare default. All payments shall be made by check payable to Allstate New Jersey Insurance Company and delivered to 125 Half Mile Rd., Suite 300, Red Bank, NJ 07701, Attn: Donald F. Campbell, Jr.

3. **Moratorium**. The Focazio Parties agree that the Debtors and/or, any other entity that Focazio owns now or in the future, will not make any claims against Allstate or any of its insured claimants that would otherwise be covered by Allstate PIP policies during the three (3) year period following the Effective Date (the "*Moratorium Period*"). The Focazio Parties further agree that they, and/or any other person or entity that may hereafter acquire, lease or otherwise operate an ambulatory surgery center or renders anesthesia services therein (collectively, the "*ASC Services*") at 999 Clifton Avenue, Clifton NJ (the "*Clifton Property*") will not make any claims against Allstate or any of its insured claimants that would otherwise be covered by Allstate PIP policies for ASC Services rendered at the Clifton Property during the Moratorium Period.. If the Focazio Parties have not breached this Agreement, upon completion of the Moratorium Period, Allstate shall vacate the Judgment.

4. **Inspection**. Allstate has the right to periodically review and inspect the Focazio Parties' books and records related to the operations of the Debtors, and the operations of RJ relating to its services rendered to or on behalf of Debtors and any and all other healthcare providers or businesses utilizing the Clifton Property (collectively, the "*Focazio Parties' Operations*"), which records shall include copies of all bank statements, cancelled checks, wire transfers and any other records related to the Focazio Parties' Operations maintained on or off site. Allstate shall provide the Focazio Parties at least ten (10) days'

4

prior notice of such inspection. The Focazio Parties hereby agree to retain all records relative to the Focazio Parties Operations for the later of three years from the end of the Moratorium Period or from the date of any breach of this Agreement.

5. **Default**. Should any of the Focazio Parties breach any of the terms of this Settlement Agreement, Allstate may declare a default and pursue collection of the Judgment Amount against the Debtors and seek collection of the Settlement Amount from the Focazio Parties (less payments received, plus costs and fees incurred by Allstate, plus interest to accrue at ten percent per annum (10%) from the date of default until paid in full (collectively, the "*Settlement Collection Amount*"). The Focazio Parties agree to be jointly and severally liable for the Settlement Collection Amount. RJ expressly agrees to subordinate any and all rights it may have to satisfy its claims against Debtors, and any security interest it may have in Debtors' assets, to Allstate's right to satisfy its Judgment up to the Settlement Collection Amount, prior to the satisfaction of any claim RJ may have against the Debtors.

6. **Allstate Release as to the Debtors**. Effective upon the satisfaction by the Focazio Parties of their obligations under this Settlement Agreement, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Allstate does hereby release and forever discharge the Debtors and their respective heirs from any and all known claims or manner of actions and causes of action, suits, debts, damages, losses, costs, penalties, accounts, covenants, contracts, agreements, judgments, liabilities, claims and demands against them that Allstate has alleged or could have alleged against them arising out of or relating to the Adversary Proceeding and/or the Allstate Claims against the Debtors. For the avoidance of doubt, the Allstate does not

5

release any claims it has against or relating to Crosstown Medical, County Medical, Triboro Medical or Coastal Medical or any other individual or entity relating thereto, except for Debtors.

7. **Allstate Release as to RJ**.    Effective upon the satisfaction by the Focazio Parties of their obligations under this Settlement Agreement, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Allstate does hereby release RJ from any claims relating to a breach of its obligations under the Settlement Agreement.

8. **Focazio Release**.  Except for the obligations expressly provided herein, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Focazio Parties do hereby release and forever discharge Allstate and their successors from any and all known claims or manner of actions and causes of action, suits, debts, damages, losses, costs, penalties, accounts, covenants, contracts, agreements, judgments, liabilities, claims and demands against Allstate that the Focazio Parties allege or could have alleged arising out of or relating to the Adversary Proceeding and/or the Focazio Parties' claims against Allstate.

9. The parties agree that all claims and issues asserted by the parties during the course of the Adversary Proceeding were fully disputed as between the Debtors and Allstate, and this settlement reflects a compromise of those fully disputed known claims.

10. The parties agree to maintain this Agreement as confidential and neither party shall disclose the contents of this Agreement or its terms to any other person except the: (1) Court; (2) Office of the United States Trustee; (3) Chapter 11 Trustee and his counsel; (4) any other creditor; or (5) by Court order.  Disclosure of this Agreement to any person

6

except the Court shall only be permitted if the requesting party executes a confidentiality agreement. Moreover, this Agreement shall be filed under seal with the Court.

11. All of the parties hereto agree to take such further action and execute and deliver such additional documents as may be reasonably necessary or appropriate to effectuate the terms of this Agreement.

12. The parties hereby represent and warrant that each have a specific interest in the consideration identified and received pursuant to this Agreement, and the parties waive any claim of lack of consideration as to the enforceability of this Agreement.

13. New Jersey law shall govern the validity, construction, interpretation and effect of this Agreement and any dispute relating thereto shall be resolved by the Bankruptcy Court.

14. This Agreement contains the entire agreement of the parties hereto with respect to the subject matter hereof and supersedes all prior or contemporaneous written and/or verbal agreements and understandings.

15. This Agreement may not be changed, amended or modified except by a writing signed by all of the parties hereto.

16. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original and all of which shall constitute one and the same document.

17. The parties hereby represent and warrant that the execution, delivery and performance of this Agreement are fully authorized and within the power of the individual executing on behalf of the party to fully and completely bind that party.

18. The parties agree that this Agreement shall be construed to be the work product of all parties and their respective counsel, notwithstanding that any party's counsel may have contributed relatively more text thereto during the course of the preparation of this

Agreement. Each party acknowledges and warrants it has voluntarily signed this agreement following consultation with their legal counsel. Each party acknowledges its satisfaction with their legal counsel and fully and voluntarily enters into and signs this agreement.

19. The Debtors shall file a motion before the bankruptcy court seeking approval of this Agreement. This Agreement is subject to Allstate's review and approval of any revisions to the proposed Plans as well as Bankruptcy Court approval and confirmation of the Endo and MDPA Plans. Should the Bankruptcy Court either not approve the Settlement Agreement or the Plans, the Settlement Agreement is void.

20. The terms contained in this Agreement shall be incorporated by reference in the Endo and MDPA confirmed chapter 11 bankruptcy plans in the Endo and MDPA Bankruptcy Cases and in the Dismissal Order entered in the Focazio Individual Bankruptcy Case. If there are any discrepancies between this Agreement, the Plans the Confirmation Order and Dismissal Order, the terms of this Agreement shall control the agreement between the parties.

21. Each of the parties agrees that this Agreement is a settlement agreement, and does not constitute an admission of any liability or wrongdoing on the part of either of the parties.

**[SIGNATURE PAGE TO FOLLOW]**

**IN WITNESS WHEREOF,** the undersigned have hereunto set their hands and respective seals as of the day and year first above written.

WITNESS:

_____     _____
                                    WILLIAM J. FOCAZIO, M.D.

                                    RJ CAPITAL, LLC

_____     _____
                                    By:

                                    ENDOSURGICAL CENTER OF NORTH JERSEY, P.C.

_____     _____
                                    By:

                                    WILLIAM J. FOCAZIO, M.D., P.A.

_____     _____
                                    By:

                                    ALLSTATE INSURANCE COMPANY

_____     _____
                                    By:

10

IN WITNESS WHEREOF, the undersigned have hereunto set their hands and respective seals as of the day and year first above written.

WITNESS:

_____          _____
                                    WILLIAM J. FOCAZIO, M.D.

                                    ~~RJ CAPITAL, LLC~~   RJ CAPITAL MED, LLC

_____          By: _____

                                    ENDOSURGICAL CENTER OF NORTH
                                    JERSEY, P.C.

_____          By: _____

                                    WILLIAM J. FOCAZIO, M.D., P.A.

                                    By: _____

_____          ALLSTATE INSURANCE COMPANY

                                    By: Michael Gallagher
Donald F. Campbell, Jr.             Authorized Representative

10