| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-2(c)** | |
| Steven Mitnick, Esq.<br>Marc D. Miceli, Esq.<br>**SM LAW PC**<br>P. O. Box 530<br>Oldwick, New Jersey 08858<br>T: (908) 572-7275<br>smitnick@sm-lawpc.com<br>mmiceli@sm-lawpcc.com<br>*Counsel to Debtor, William J. Focazio* | **Order Filed on March 8, 2021<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey** |
| In Re:<br><br>WILLIAM J. FOCAZIO<br><br>                              Debtor. | Case No.: 19-10880 (VFP)<br><br>Chapter 11<br><br>Judge: Hon. Vincent F. Papalia |

**ORDER APPROVING SETTLEMENT BETWEEN THE DEBTOR AND
CHAPTER 11 TRUSTEE AND DISMISSING CASE**

The relief set forth on the following pages, numbered two (2) through seven (7), is hereby **ORDERED**.

**DATED: March 8, 2021**

_____
**Honorable Vincent F. Papalia**
**United States Bankruptcy Judge**

(Page 2)
Debtors:            William J. Focazio
Case No.:           19-10880 (VFP)
Caption of Order:   Order Approving Settlement Between the Debtor and Chapter 11 Trustee and Dismissing Case

---

Upon the motion (the "**Motion**") of the above-captioned debtor (the "**Debtor**") for entry of an order (this "**Order**") pursuant to sections 105(a), 349, and 1112(b) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1017(a) and 9019 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") approving settlement, dismissing the Debtor's chapter 11 case and granting related relief; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Reference to the Bankruptcy Court Under Title 11 dated as of September 18, 2012; and it appearing that the Motion is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2); and it appearing that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and appearing that no other or further notice need be provided; and the conditional objection of Allstate having been satisfied and therefore withdrawn; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Debtor shall pay Edward Phillips, Chapter 11 Trustee (the "**Trustee**") $200,000 (the "**Settlement Amount**"), as follows:

   (i) One Hundred Fifty Thousand Dollars ($150,000) (the "**Initial Payment**") within ten (10) business days of this Order becoming final and non-appealable (the "**Effective Date**"), or, if later, within ten (10) business days after the Trustee provides an accounting to the Debtor pursuant to Paragraph 11 hereinbelow, which amount shall include any and all monies being held by the Trustee less any fees due and owing to the Office of the United States Trustee.

(Page 3)
Debtors: William J. Focazio
Case No.: 19-10880 (VFP)
Caption of Order: Order Approving Settlement Between the Debtor and Chapter 11 Trustee and Dismissing Case

---

(ii) Twenty-Five Thousand Dollars ($25,000) on or before the first year anniversary date of the Effective Date.

(iii) Twenty-Five Thousand Dollars ($25,000) on or before the second year anniversary date of the Effective Date.

2. Each installment of the Settlement Amount shall be distributed by the Trustee as follows: the Trustee shall pay his commission as agreed to by and between the Trustee and his professionals (the "**Trustee Professionals**") and distribute the remainder of the Settlement Amount installments to the Trustee Professionals, Walsh Pizzi O'Reilly Falanga LLP, EisnerAmper LLP and Integrated Property Group d/b/a AuctionAdvisors, as agreed by and between the Trustee and the Trustee Professionals, on account of their respective administrative expense claims..

3. The Debtor's chapter 11 bankruptcy case shall be dismissed subject to the terms and conditions as set forth herein. The dismissal shall be effective upon the Trustee's receipt of the Initial Payment, at which point the Trustee shall file notice with the Court of the effective date of the dismissal and requesting the closure of the Debtor's bankruptcy case.

4. The Trustee waives and releases any and all claims of whatever kind or nature against the Debtor, his assets and/or his affiliates and entities to which the Debtor has any ownership. The foregoing notwithstanding, the creditors (excluding Allstate Insurance Company ("Allstate") as set forth herein) in the Debtor's instant individual bankruptcy case shall be returned to the *status quo ante* and proceed with whatever rights they had against the individual Debtor prior to the filing of the Debtor's individual bankruptcy case.

(Page 4)
Debtors: William J. Focazio
Case No.: 19-10880 (VFP)
Caption of Order: Order Approving Settlement Between the Debtor and Chapter 11 Trustee and Dismissing Case

---

5. If there is a default on any of the payments as set forth herein, and upon written notice of such default and affording the Debtor a ten (10) day period to cure, the Trustee and the Trustee Professionals shall be entitled to a total payment of $325,000, less any amounts paid under the terms of this Order, including the amounts being held by the Trustee as of the Effective Date.

6. The Debtor shall not file another bankruptcy under any chapter of the Bankruptcy Code or under any state insolvency law for a period of not less than six (6) months from the Effective Date.

7. In the event the Debtor files a subsequent bankruptcy case after the dismissal of this case, secured lender, SB One Bank (now known as Provident Bank), shall have prospective stay relief and may foreclose its mortgage against 41A Inlet Drive Property without the necessity of seeking any further relief of any kind from the bankruptcy court.

8. In the event the Debtor files a subsequent bankruptcy case after the dismissal of this case, Government Employees Insurance Company, GEICO Indemnity Company, GEICO General Insurance Company, and GEICO Casualty Company (collectively, "GEICO") shall have prospective stay relief to continue its action in the U.S. District Court for the E.D.N.Y. (1:20-cv-03495(FB)(SJB) against the Debtor and Crosstown Medical Services, P.C. without the necessity of seeking any further relief of any kind from the bankruptcy court.

9. Neither this order nor any future bankruptcy filing by the Debtor shall adversely affect or modify Allstate's rights set forth in the February 26, 2021 Settlement Agreement between the Debtor and Allstate.

(Page 5)
Debtors:        William J. Focazio
Case No.:       19-10880 (VFP)
Caption of Order:   Order Approving Settlement Between the Debtor and Chapter 11 Trustee and Dismissing Case

---

10. The Trustee be and hereby does withdraw any objection(s) it has filed in this case and in the Debtor's Business cases, to wit, In re William Focazio, MD, P.A., Case No. 18-10752 (VFP) and In re Endo Surgical Center of North Jersey, P.C. (Case No. 18-10753) (VFP).

11. The Trustee shall provide the Debtor and his counsel with an accounting of all activity in the Trustee account from the inception of the Trustee's appointment to the Effective Date within five (5) days of the entry of this order or as soon as reasonably practicable thereafter (the "**Accounting**"). The Trustee's filing of the remaining Monthly Operating Reports shall satisfy the requirements of this Paragraph 11.

12. The Trustee shall return, or arrange the return of, all personal items (the "**Personal Property**") of the Debtor which were seized by the Trustee and as itemized on the *Notice of Inventory of Items Removed By Trustee From Debtor's Residence* filed on July 14, 2020 (Doc. No. 178) (the "**Inventory**") and shown in the pictures (the "**Photos**") of the Inventory provided by the Trustee to Debtor's counsel so that such items are returned to the Debtor or made available to the Debtor within seven (7) days of receipt of the Initial Payment or as soon as reasonably practicable thereafter, but no more than thirty days (30) after the Effective Date.

13. The Personal Property shall only be turned over to the Debtor after the Debtor inspects the property and signs a proof of delivery receipt acceptable to the Trustee. The Debtor waives any and all claims against the Trustee and/or the Trustee Professionals relating

(Page 6)
Debtors:         William J. Focazio
Case No.:        19-10880 (VFP)
Caption of Order: Order Approving Settlement Between the Debtor and Chapter 11 Trustee and Dismissing Case

---

in any way to the Personal Property provide the Personal Property listed on the Inventory is returned to the Debtor and is in substantially the condition appearing in the Photos.

14. To the extent allowed by section 1125(e) of the Bankruptcy Code, neither the Trustee, nor any of the Trustee's Professionals, shall have or incur any liability to the Debtor, any holder of a claim or interest in this bankruptcy case, or any other party-in-interest, person, or any of their respective agents, employees, representatives, financial advisors, attorneys, affiliates or any of their successors or assigns, for any act or omission occurring after the petition date in connection with, relating to, or arising out of this chapter 11 case except for their gross negligence or willful misconduct as determined by a Final Order of the Bankruptcy Court.

15. The Trustee shall not be liable for any act committed or omitted as Trustee while acting in good faith and in the exercise of his reasonable business judgment. The foregoing limitation on liability shall also apply to any person (including any of the Trustee's Professionals) employed by the Trustee and acting on behalf of the Trustee in the fulfillment of the Trustee's duties; provided, however, that the foregoing shall not relieve the Trustee and the Trustee's Professionals from liability for gross negligence or willful misconduct.

16. If a dispute arises under the terms of this Order, the Debtor, the Trustee, and the Trustee Professionals consent to the jurisdiction of the Bankruptcy Court to resolve such dispute.

(Page 7)

| | |
|---|---|
| Debtors: | William J. Focazio |
| Case No.: | 19-10880 (VFP) |
| Caption of Order: | Order Approving Settlement Between the Debtor and Chapter 11 Trustee and Dismissing Case |

---

17. All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled on the merits and denied with prejudice.

18. Notwithstanding any applicability of any Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry, and the Debtor, the Trustee, and the Trustee Professionals shall be, and hereby are, authorized to take such actions as are necessary and appropriate to effectuate the terms of this Order.

19. The Consent Order Resolving Objection of Internal Revenue Service to Confirmation of Debtor's Plan of Reorganization entered on December 8, 2020 (ECF No. 243) shall remain in full force and effect to the extent applicable.

United States Bankruptcy Court

District of New Jersey

| | |
|---|---|
| In re: | Case No. 19-10880-VFP |
| William J Focazio | Chapter 11 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0312-2 | User: admin | Page 1 of 3 |
| Date Rcvd: Mar 08, 2021 | Form ID: pdf903 | Total Noticed: 2 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 10, 2021:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | William J Focazio, 101 Fox Hedge Road, Saddle River, NJ 07458-2715 |
| aty | + | Roper & Thyne, LLC, Roper & Thyne, LLC, 77 Jefferson Place, Totowa, NJ 07512-2614 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

| | | |
|---|---|---|
| Date: Mar 10, 2021 | Signature: | /s/Joseph Speetjens |

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 8, 2021 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Aaron M. Bender | on behalf of Creditor BANK OF AMERICA N.A. abender@reedsmith.com, ltiggett@reedsmith.com |
| Andrew M. Lubin | on behalf of Creditor Wilmington Savings Fund Society FSB, as Trustee of Stanwich Mortgage Loan Trust A bkecf@milsteadlaw.com, alubin@milsteadlaw.com |
| Brian E Caine | on behalf of Creditor U.S. Bank National Association not in its individual capacity but solely as Trustee for the RMAC Trust, Series 2016-CTT bcaine@parkermccay.com, BKcourtnotices@parkermccay.com |
| Daniel F. Corrigan | on behalf of Creditor First Commerce Bank dcorrigan@windelsmarx.com mslama@windelsmarx.com |
| David B. Grantz | on behalf of Creditor Provident Bank f/k/a The Provident Bank dgrantz@meyner.com ckelly@meyner.com |

| | | |
|---|---|---|
| District/off: 0312-2 | User: admin | Page 2 of 3 |
| Date Rcvd: Mar 08, 2021 | Form ID: pdf903 | Total Noticed: 2 |

David S. Catuogno
    on behalf of Creditor Oritani Bank david.catuogno@klgates.com

Donald F. Campbell, Jr.
    on behalf of Plaintiff Allstate Indemnity Company dcampbell@ghclaw.com  4433@notices.nextchapterbk.com

Donald F. Campbell, Jr.
    on behalf of Creditor Allstate New Jersey Property and Casualty Insurance Company dcampbell@ghclaw.com
    4433@notices.nextchapterbk.com

Donald F. Campbell, Jr.
    on behalf of Plaintiff Allstate New Jersey Insurance Company dcampbell@ghclaw.com  4433@notices.nextchapterbk.com

Donald F. Campbell, Jr.
    on behalf of Plaintiff Encompass Insurance dcampbell@ghclaw.com  4433@notices.nextchapterbk.com

Donald F. Campbell, Jr.
    on behalf of Plaintiff Allstate Property and Casualty Insurance Company dcampbell@ghclaw.com
    4433@notices.nextchapterbk.com

Donald F. Campbell, Jr.
    on behalf of Plaintiff Allstate Insurance Company dcampbell@ghclaw.com  4433@notices.nextchapterbk.com

Donald F. Campbell, Jr.
    on behalf of Plaintiff AllState Fire and Casualty Insurance Company dcampbell@ghclaw.com  4433@notices.nextchapterbk.com

Donald F. Campbell, Jr.
    on behalf of Plaintiff Encompass Property and Casualty Company of New Jersey dcampbell@ghclaw.com
    4433@notices.nextchapterbk.com

Donald F. Campbell, Jr.
    on behalf of Plaintiff Allstate New Jersey Property and Casualty Insurance Company dcampbell@ghclaw.com
    4433@notices.nextchapterbk.com

Donald F. Campbell, Jr.
    on behalf of Plaintiff Encompass insurance company of New Jersey dcampbell@ghclaw.com  4433@notices.nextchapterbk.com

Donald F. Campbell, Jr.
    on behalf of Plaintiff Encompass Indemnity Company dcampbell@ghclaw.com  4433@notices.nextchapterbk.com

Eamonn O'Hagan
    on behalf of Creditor United States of America (Internal Revenue Service) eamonn.ohagan@usdoj.gov

Edward A. Phillips
    ephillips@getzlerhenrich.com

Elizabeth K. Holdren
    on behalf of Creditor Wilmington Savings Fund Society  FSB as Trustee for Stanwich Mortgage Loan Trust A, through
    Carrington Mortgage Services, LLC, servicer and attorney-in-fact eholdren@hillwallack.com,
    jhanley@hillwallack.com;hwbknj@hillwallack.com

Gene Y. Kang
    on behalf of Creditor GEICO Indemnity Company gene.kang@rivkin.com
    jennifer.davila@rivkin.com;stuart.gorton@rivkin.com;matthew.spero@rivkin.com

Gene Y. Kang
    on behalf of Creditor GEICO Government Employees Insurance Company gene.kang@rivkin.com
    jennifer.davila@rivkin.com;stuart.gorton@rivkin.com;matthew.spero@rivkin.com

Gene Y. Kang
    on behalf of Creditor GEICO Casualty Company gene.kang@rivkin.com
    jennifer.davila@rivkin.com;stuart.gorton@rivkin.com;matthew.spero@rivkin.com

Gene Y. Kang
    on behalf of Creditor GEICO General Insurance Company gene.kang@rivkin.com
    jennifer.davila@rivkin.com;stuart.gorton@rivkin.com;matthew.spero@rivkin.com

Jerrold S. Kulback
    on behalf of Creditor Fulton Bank of New Jersey jkulback@archerlaw.com  chansen@archerlaw.com

Kevin Gordon McDonald
    on behalf of Creditor PNC BANK  NATIONAL ASSOCIATION kmcdonald@kmllawgroup.com, bkgroup@kmllawgroup.com

Kurt Ryan Kowalski
    on behalf of Creditor On Deck Capital  Inc. krk@splawoffice.com

Marc D. Miceli
    on behalf of Debtor William J Focazio mmiceli@sm-lawpc.com  lindsay@sm-lawpc.com

Matthew Patrick Dolan
    on behalf of Creditor Provident Bank f/k/a The Provident Bank mdolan@meyner.com

Matthew Patrick Dolan

Case 19-10880-VFP    Doc 268    Filed 03/10/21    Entered 03/11/21 00:18:30    Desc
Imaged Certificate of Notice    Page 10 of 10

| District/off: 0312-2 | User: admin | Page 3 of 3 |
|---|---|---|
| Date Rcvd: Mar 08, 2021 | Form ID: pdf903 | Total Noticed: 2 |

| | |
|---|---|
| | on behalf of Creditor SB One Bank f/k/a Community Bank of Bergen County N.J. mdolan@meyner.com |
| Mitchell Hausman | |
| | on behalf of U.S. Trustee U.S. Trustee Mitchell.B.Hausman@usdoj.gov |
| Philip Seth Rosen | |
| | on behalf of Creditor BANK OF AMERICA N.A. prosen@zeklaw.com, 3723198420@filings.docketbird.com |
| Sari Blair Placona | |
| | on behalf of Unknown Role Type William J. Focazio MD PA and Endo Surgical Center of North Jersey PC splacona@msbnj.com |
| Steven J. Mitnick | |
| | on behalf of Debtor William J Focazio smitnick@sm-lawpc.com lindsay@sm-lawpc.com |
| Sydney J. Darling | |
| | on behalf of Trustee Edward A. Phillips sdarling@walsh.law mvargas@walsh.law |
| Sydney J. Darling | |
| | on behalf of U.S. Trustee U.S. Trustee sdarling@walsh.law mvargas@walsh.law |
| U.S. Trustee | |
| | USTPRegion03.NE.ECF@usdoj.gov |

TOTAL: 37